26 C.C.P.A. (Patents)

## CENTRAL IRON & STEEL CO. v. REPUBLIC STEEL CORPORATION.

Patent Appeals No. 4075.

Court of Customs and Patent Appeals.

April 10, 1939.

Howson & Howson, of Philadelphia, Pa. (Kennard N. Ware, of Philadelphia, Pa., and William A. Smith, Jr., of Washington, D. C., of counsel), for appellant.

Richey & Watts, of Cleveland, Ohio (H. F. McNenny, of Cleveland, Ohio, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing appellee's notice of opposition and holding that appellant was entitled to the registration of the trade-mark "Centralloy" for use on alloy steel.

In its application for registration, filed June 25, 1935, appellant alleged that it had used its trade-mark on alloy steel since June 15, of that year.

It appears from the record that, although appellant's alloy steel is sold according to specification to "Manufacturers, fabricators, various railroads, car builders, locomotive manufacturers," and "steel warehouses," it is, according to the witness Robert H. McCracken, Philadelphia sales manager for the appellant company, "in very much the experimental stage. We speak of it as Centralloy and we want it to be known as Centralloy. Eventually we would expect our customers to put 'Centralloy' on their orders without any particular specification, with the understanding, of course, that we would know their requirements." It further appears from the record that the word "Central" has been a part of appellant's corporate name for many years; that appellant has used several trade-marks for its steel products, each of which has included the word "Central," such as, "Central Knobby Floor Plates," "Central Knobbyette," "Central All Way Grip," "Central Highway Guards," and "Central Lawn Edging"; that appellant's products are always sold as "Central" products; and that, according to appellant's witness Irving M. Smith, as the appellant company desired to "perpetuate the word 'Central', and to derive a name which would identify a product as that of Central Iron and Steel Company" the word "Centralloy" was chosen by its president after a conference of company officials.

It appears from the evidence introduced by appellee that on August 26, 1926, the name of the United Alloy Steel Corporation

was changed to Central Alloy Steel Corporation; that, thereafter, by a merger agreement which became effective on April 8, 1930, the Central Alloy Steel Corporation became a part of the Republic Steel Corporation, the appellee; that, since the merger, alloy steel products produced in the plants of the former Central Alloy Steel Corporation have been advertised as the products of the Central Alloy Division of the Republic Steel Corporation; that appellee has expended large sums of money in advertising its alloy steel produced by its Central Alloy Division; that some of its advertisements, of which appellee's Exhibit No. 2 is illustrative, were signed "Central Alloy Division, Republic Steel Corporation, Massillon, Ohio," and others, of which appellee's Exhibit No. 3 is illustrative, were signed "Republic Steel Corporation, General Offices, Youngstown, Ohio, Central Alloy Division, Massillon, Ohio," and, in addition, each of those advertisements bore one or more of appellee's trade-marks.

It appears from the record that the Canton-Massillon District of the Republic Steel Corporation is known as the "Central Alloy District"; that prior to the merger (April 8, 1930) the Central Alloy Steel Corporation's products were stamped (appellee's Exhibit No. 7) to indicate "the type and grade of stainless steel or alloy"; that the stamp also bore the notation "Central Alloy Steel Corporation, Massillon, Ohio, U. S. A."; that since the merger appellee's alloy sheet steel produced by its Central Alloy Division has been stamped as follows: All unpolished sheets shipped from the Massillon District bore oval-shaped stamps (appellee's Exhibit No. 8) on which appeared the notation "Republic Steel Corporation, Enduro, Stainless Steel, Heat, Type 18-8-41, Central Alloy District, Massillon, Ohio" (in the event stamps were objectionable for any reason, small stickers bearing the same notation—appellee's Exhibit No. 11—were used); all sheets polished on one or both sides, shipped from the Canton Works, were shipped in crates and a shipping tag (appellee's Exhibit No. 9), indicating that the steel was from the Republic Steel Corporation, Central Alloy District, Canton Works, Canton, Ohio, was attached to each crate. In addition to the shipping tag, a tag (appellee's Exhibit No. 10) bearing the trade-mark "Enduro" and the notation "Republic Steel Corporation, perfected stainless steels, Central Alloy District, Massillon, Ohio" was also

attached to each crate. Metal tags bearing the notation "from Republic Steel Corporation, Central Alloy Dist. Massillon, Ohio" (appellee's Exhibit No. 12) were used on "round stock."

Appellee sells its alloy steel to manufacturers and jobbers. The jobbers, in turn, sell to manufacturers and building contractors in comparatively small quantities. Utensils and other articles manufactured by others from appellee's stainless alloy steel are sold to hardware stores and other retail stores. Although those articles oftimes bear appellee's mark "Enduro," they do not bear the notation "Republic Steel Corporation, Central Alloy District."

The Examiner of Interferences dismissed the notice of opposition holding that appellee's use of the notations "Central Alloy Division" and "Central Alloy District" was not a trade-mark use; that appellee, therefore, was not the owner of those notations, and, for that reason, was not entitled to oppose the registration of appellant's mark. The examiner also held that the term "Central Alloy District" was not used for the purpose of indicating origin in appellee, but merely to indicate that the alloy steel on which it was used was manufactured in certain of appellee's mills.

In reversing the decision of the Examiner of Interferences and sustaining the notice of opposition, the Commissioner of Patents stated that it was not necessary that appellee be the owner of the term "Central Alloy" in order to oppose registration of appellant's mark, and that "In the instant case it sufficiently appears that the expressions 'Central Alloy Division' and 'Central Alloy District' have come to identify as that of opposer the merchandise to which they are applied in advertising and on the tags or labels attached to the goods. While I agree with the examiner of interferences that such use by opposer of the words 'Central Alloy' has been in no sense a trade-mark use, I cannot escape the conviction that registration to a competitor of these words or their equivalent would result in confusion, and that opposer would probably suffer damage. Upon the record before me, the likelihood seems apparent that a large proportion of prospective purchasers, seeing the trade-mark 'Centralloy' applied to alloy steel products, would assume that such products originated with opposer."

■ The right to oppose the registration of a trade-mark does not depend upon the exclusive ownership by an opposer of a similar mark. Virginia Dare Extract Co. Inc. v. Adah Mae Dare, 70 F.2d 118, 21 C.C.P.A., Patents, 1086. It is sufficient if an opposer establishes "Priority of use analogous to a trade-mark use of a" trade-name and the "likelihood of damage to him by the registration of such mark to another." John Wood Manufacturing Co. v. Servel, Inc., 77 F.2d 946, 949, 22 C.C.P.A., Patents, 1370, and cases cited.

It appears from the record that appellee has spent large sums of money advertising its "Central Alloy Division"; that it applies the notation "Central Alloy District" to the goods produced by its "Central Alloy Division"; that its "Central Alloy District" comprises the cities of Canton and Massillon, Ohio; and that appellee's "Central Alloy Division" or "Central Alloy District" is "invariably" referred to in Canton and Massillon as "Central Alloy" rather than as "Republic" or "Republic Steel Corporation."

In view of the fact that appellee's name "Republic Steel Corporation" appears in each of the advertisements and on each of the stamps and shipping tags applied to its alloy steel, it is apparent that appellee did not rely entirely on either its trade-marks or the notations "Central Alloy Division" and "Central Alloy District" to indicate origin of its alloy steel. It is equally apparent, however, that, so far as origin is concerned, it relied as much on the notations "Central Alloy Division" and "Central Alloy District" as it did on its trade-marks, and that both the notations and the trade-marks served to identify appellee's alloy steel in the mind of the public.

It is argued by counsel for appellant that the only purpose served by the notations "Central Alloy District" and "Central Alloy Division" was to indicate to the purchasing public the place where the Republic Steel Corporation's alloy steel was produced. We think, however, that appellee's use of the term "Central Alloy" in its notations "Central Alloy Division" and "Central Alloy District" is entitled to greater significance than that given it by counsel for appellant.

Taking into consideration the fact that the term "Central Alloy" has been extensively advertised to indicate a division or part of the appellee corporation, and the fact that that term together with the word "District" has been applied to the alloy steel manufactured and sold by appellee's Central Alloy Division, we are of opinion that the term "Central Alloy" indicated to the purchasing public not only the place where appellee's alloy steel was produced, but also that the alloy steel produced by the Central Alloy Division in the Central Alloy District was appellee's product.

■ Although the terms "Central Alloy Division" and "Central Alloy District" were not used by appellee as technical trade-marks, they served to indicate origin in appellee. The words "Central Alloy" are the dominating feature of those terms. The use of such terms was, therefore, analogous to that of a trade-mark. Accordingly, appellee having established priority of use, the only remaining question to be determined is whether it is likely to be damaged by the registration of appellant's mark "Centralloy."

Appellant's mark "Centralloy" is a combination of the words "central" and "alloy" with the letters "a" and "l" deleted. When written, it closely resembles the term "Central Alloy." When spoken, it sounds like "Central Alloy." It was intended by appellant to mean "Central Alloy," and to identify alloy steel produced by the Central Iron & Steel Company.

■ We are of opinion that the terms "Centralloy" and "Central Alloy" are confusingly similar; that appellee is entitled to use the terms "Central Alloy District" and "Central Alloy Division" in connection with the marketing of its alloy steel; and that appellee would be damaged by the registration of the mark "Centralloy" to appellant.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.