31 C.C.P.A. (Patents)

## PRINCE MATCHABELLI, Inc., v. DE BOTELHO.

### Patent Appeal No. 4787.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

Marion W. Smith, of New York City, and Thomas L. Mead, Jr., of Washington, D. C., for appellant.

H. C. Bierman, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal by Prince Matchabelli, Inc. (hereinafter generally referred to as opposer), from the decision of the Commissioner of Patents (speaking through an assistant commissioner) reversing the decision of the Examiner of Interferences who sustained opposer's notice of opposition to an application of Martin de Botelho (hereinafter generally referred to as applicant) for registration of a composite mark for various toilet preparations.

It is conceded that the goods of the respective parties are of the same descriptive properties and the ultimate issue in the controversy relates to the alleged confusing similarity of the marks, particularly to the similarity of crown features of the respective marks.

Applicant's mark is well described in the decision of the commissioner as a composite one consisting of " * * * the initials A de M arranged vertically in the center and framed on each side by a nude female figure in side view, facing outwardly, the figures having upstretched hands supporting a crown over the initials A de M. The crown of the mark consists of a jeweled circlet heightened with a plurality of upwardly and outwardly extending prongs or fingers which are ball-tipped."

The application at issue, which is for registration under the Trade-Mark Regis-

520

tration Act of February 20, 1905, 15 U.S. C.A. § 81 et seq., was filed May 28, 1940, use being alleged since March 28, 1940.

The notice of opposition was filed October 10, 1940. No registrations were therein pleaded by opposer, but ownership and prior use was asserted of a representation of a crown as a trade-mark for its goods, of which the commissioner said: This crown is of a different type from the crown incorporated in applicant's mark, being of domed configuration and consisting of a circlet heightened with arched members meeting centrally some distance above the circlet and surmounted at the center with a globe and cross.

In its notice of opposition opposer made certain allegations respecting the showing of certain design patents for bottles stated to have been used by it as containers for toilet materials. The patents so alluded to had expired long before the instant controversy arose and we find no reference to them in either of the decisions below, nor do the reasons of appeal accompanying the appeal to us refer to them in any way. We are of opinion, therefore, that they require no consideration by us, although they are discussed in the briefs on behalf of both parties and were discussed by counsel for both in their oral arguments of the case before us.

One allegation in the notice of opposition, which is earnestly stressed by counsel for opposer, is that of res judicata, which, as we interpret his decision, was the basis of the holding of the Examiner of Interferences sustaining the notice.

It appears that in three prior opposition proceedings (Nos. 17,454, 17,835, and 17,836) the parties were the same as those here involved, and that they stood in the same relationship. That is to say, the applicant here was the applicant in each of those cases and the opposer here was the opposer there. The applicant did not file an answer or reply to the notice of opposition in any one of those cases, and judgment by default was entered in favor of opposer in each of them.

The mere failure of the applicant to contest in those cases, of course, does not affect the question of res judicata. Applicant had its opportunity to contest, and a judgment rendered after its default is as binding upon it as would be a judgment following a contest. The question presented, therefore, is whether the decisions in those cases (or any one of them)

were (or was) based upon the elements necessary to make the rule of res judicata applicable here.

To be more specific, it is necessary in passing upon the question of whether res judicata is here applicable to compare the marks involved in applicant's former applications with that involved in the present application. The respective tribunals below did this, grouping the three marks of the former applications (the Examiner of Interferences designating them as "(b)" and the present application as "(a)") and arrived at different conclusions as a result of their comparisons so made.

The Examiner of Interferences said:

"The marks disclosed in said applications (a) and (b) are composite ones which in each instance consist of the representation of a jeweled crown conspicuously displayed above certain lettering and pictorial matter.

"In all of these proceedings the opposer has relied upon the same symbol, namely, the representation of a jeweled crown, which on its specimen labels is prominently associated with various words of description and/or other matter.

"The crown symbol contained in the marks of the applications (a) and (b) and the like symbol forming a part of the marks shown in opposer's labels constitute the feature of similarity upon which the opposer in each of these several proceedings has predicated its contention that confusion in trade would be likely. The crown representation contained in the mark applicant now seeks to register is at least as prominent a part of that mark as the similar representations are of the marks for which the previous applications (b) were filed, and this case is therefore deemed to involve substantially the same statutory cause of action as the prior proceedings mentioned."

The commissioner said, inter alia:

"None of these other trade-marks [referring to those designated by the Examiner of Interferences as '(b)'] of applicant included the initials 'A de M' or any female figures, and the crowns of those marks were of the dome-shaped type and not of the uncovered annular band type as in applicant's present mark. Practically the only similarity between applicant's present mark and those previous marks of applicant is that each includes a representation of a crown of some sort, the crowns however being of different types and design. The crowns of applicant's prior

marks are much more similar to the crown of opposer's mark than is the crown of applicant's present mark.

\* \* \* \* \*

"It seems to me the consideration should not have been restricted solely to a comparison of the relative prominence of the display of the crown representations in applicant's marks, but should have been extended at least to a comparison of the specific crown symbol of applicant's present mark with the specific crown symbols of applicant's previous marks and with opposer's specific crown symbol. It was opposer's specific crown representation that was involved in the prior opposition proceedings and the question of confusion therewith of applicant's marks by reason of the specific crown representations therein. To my mind the adjudications did not extend to applicant's use in a composite mark of any and all crown representations as prominently as the specific crown representations appeared in applicant's prior marks, particularly as it appears from the testimony that crown representations are in quite general use by the trade on cosmetic and toilet preparations.

"In my opinion the crown representation included in applicant's present mark is so radically and distinctively different from the crown representations of applicant's prior marks and from opposer's mark that res judicata does not apply to the present situation."

█ It should be understood that in considering the applicability of the doctrine of res judicata in this case opposer relies solely upon the "crown symbol" which it used but never included as a feature of any mark registered by it. The differences between the "symbol" as used by opposer and the "symbol" included in the marks "(b)" which applicant sought to register are described in the decision of the commissioner and we agree with his conclusion to the effect that the difference between applicant's mark here involved and the marks of its former applications render the doctrine of res judicata inapplicable here. A case in point cited by the commissioner is that of A. Leschen & Sons Rope Co. v. American Steel & Wire Co., 55 F.2d 455, 19 C. C. P. A., Patents, 851.

█ This brings us directly to the ultimate issue, namely, whether the trade-mark which applicant seeks to register so nearly resembles the trade-mark used by opposer and of which opposer claims

ownership, that when applied to merchandise conceded to be of the same descriptive properties, it would be "likely to cause confusion or mistake in the mind of the public or to deceive purchasers," and here again the "crown symbol" feature, under the pleadings before us seems to be the controlling, or at least a prominent, factor.

It is our view, upon the record before us, that opposer is not entitled to claim ownership of all forms or styles of representations of crowns as a trade-mark for its goods, so that it may exclude use or registration of a form or style differing from its own in the particulars described in the decision of the commissioner, and, in our opinion, there is no likelihood of confusion resulting from the registration applicant seeks.

The decision of the commissioner is affirmed.

Affirmed.