O’Connell, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Commissioner of Patents, *1035 rendered by the First Assistant, 62 USPQ 317, affirming the action of the Examiner of Trade-Mark Interferences in sustaining the opposition of appellee to the application of appellant, Serial Ño. 434,989, filed August 14, 1940, for registration of a composite mark, which consists of a heart-shape design, color lined for red, across which is written in large script the words “Lucky Heart,” as a trade-mark for cosmetics, including such articles as rouge, perfume, creams, and talcum powder;, and for chemicals, medicines, and pharmaceutical; preparations. The applicant alleges continuous use of the mark “since about October 20, 1934.”
In his notice of opposition appellee relies upon his prior use and ownership of the registration of—
(a) a trade mark consisting of a heart-shape design for a chamois sachet bag, on which is also a design of a heart and man and woman kissing each other, used on sachet powder; and
(-b) a trade mark consisting of a heart design, a picture of man and woman kissing each other, and the words “’Lucky Mo-Jo,” used on perfume; and.
(c) ‘a trade mark consisting of a heart design, a picture of man aad woman kissing each other, and the words “Lucky, Sweethearts,” used on sachet powder; * * *
* i’.t $ * $ *
4. In addition to opposer’s continuous and extensive use of his saidi trademarks, on labels affixed to cosmetics and medicinal preparations made and sold, by opposer, the opposer has also extensively used his said trade-marks in advertising and offering for sale of opposer’s said goods.
The opposition is based upon that portion of the proviso to section 5 of the Trade Mark Act of February 20, 1905, which states “That trade-marks which * * * so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shallhot be registered.” 15 U. S. C. sec. 85 (b).
The involved merchandise in part is identical and it is not disputed that all the goods are of the same descriptive properties.
The case at bar is but one of two appeals brought to this court by appellant as a result of the decision adverse to it in each of the two opposition proceedings litigated between the parties in the tribunals of the Patent Office. Appellant having withdrawn the companion appeal, Patent Appeal Docket, bio. 5117, the appeal as to that case was accordingly'dismissed by this court on July 2,1945.
A further factor in the determination of the case at bar, however, is a previously litigated cancellation proceeding-in which each party sought to cancel the other’s registered trade-mark. Lucky Heart Laboratories, Inc. v. Neumann, 53 USPQ 175. The record in that case has been made a part of the record in the case here and contains a large portion of the testimony relied upon by each of the *1036 parties. Appellant contends that the decision in the cancellation pi’o-ceedings hereinbefore noted is res judicata of the issue presented herein. Since the mark of appellant in the former case is different from the one it has here submitted for consideration, its contention is obviously without merit. Prince Matchabelli, Inc. v. De Botelho, 31 C. C. P. A. (Patents) 748, 139 F. (2d) 519, 60 USPQ 190.
Both of the parties are engaged in the mail order business and it is .established by the evidence that appellee began in 1930 the use of his trade-mark embodying the notation “Lucky Sweethearts” and a heart design; that,, other trade-marks employed by him; prior to any use of appellant’s mark, embody the notation “Lucky Mo-Jo” and “Good Luck Sachet” each with a heart design; that labels, catalogs, circulars, and advertising literature printed in various colors with the notation “Lucky Sweethearts” together with a heart-shaped design were extensively used by appellee in association with its merchandise and the .-sale thereof; and that a heart-shaped chamois bag depicting on its face a heart as well as a man and a woman kissing each other was utilized by appellee as a container for sachet powder.
The evidence establishes that the continuous use of appellee’s trademarks and the advertising material associated therewith, as herein-before noted, was inaugurated prior to appellant’s entry into the field with its mark. It is true as pointed out by the First Assistant Commissioner of Patents that “Opposer relies upon his use * * * of several marks and labels in which the heart motif predominates.” 'Under the law appellee is entitled to rely not only upon his registered trade-marks but also upon trade-names and designs which are analogous to a trade-mark use: Central Iron & Steel Company v. Republic Steel Corporation, 26 C. C. P. A. (Patents) 1091, 102 F. (2nd) 899, 41 USPQ 276.
This court has held repeatedly that the primary purpose of that portion of the trade-mark law with which we are here concerned is to protect the public. See In re Laskin Brothers, Inc., 32 C. C. P. A. (Patents) 820, 146 F. (2d) 308, 64 USPQ 225; Schering & Glatz, Inc. v. Sharp & Dohme, Inc., 32 C. C. P. A. 827, 146 F. (2d) 1019, 64 USPQ 394. In the case at bar the contested marks, “Lucky Heart” with a heart-shaped design and “Lucky Sweethearts” with a heart-shaped design, so nearly resemble each other in sound, meaning, .■and appearance as to be likely in our opinion to cause confusion in the mind of the public when concurrently used by the parties on merchandise of' the same descriptive properties.
Appellant, basing his argument on one of the reasons of appeal, urges that appellee is not entitled to the decision appealed from by reason of uncleaai hand's. We have examined the record with care -and find no merit in this contention. .
*1037 For tlie reasons hereinbefore stated, the decision of the Commissioner of Patents is affirmed.