38 C.C.P.A.(Patents)

CROWN OVERALL MFG. CO. v. BEE–BEE FROCKS, Inc.

Patent Appeal No. 5767.

United States Court of Customs and Patent Appeals.

Feb. 6, 1951.

Frank Zugelter and Gerald B. Tjoflat of Zugelter & Zugelter, Cincinnati, Ohio, and Donald A. Gardiner of Smith, Michael & Gardiner, Washington, D. C., for appellant.

C. Earl Hovey, Kansas City, Mo., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 81 USPQ 289, affirming the decision of the Examiner of Trade-Mark Interferences (hereinafter referred to as the examiner) dismissing appellant's notice of opposition to the registration by appellee, under the Trade-Mark Act of February 20, 1905, now 15 U.S.C.A. § 1051 et seq., of a pictorial design, hereinafter more particularly described, as a trade-mark for "Children's Garments In The Nature Of Pinafores, Dresses And Sun Suits," use of it by appellee and its predecessors being alleged "since February 7, 1945."

Hereinafter we refer to appellant as opposer and appellee as applicant.

The application, serial No. 504,027, was filed in the Patent Office June 17, 1946; the notice of opposition, February 13, 1947, following publication of the application in the Official Gazette of the Patent Office.

It is not questioned that the marks of the respective parties are for goods of the same descriptive properties, nor is it questioned that opposer used its marks and registered them long prior to the date claimed by applicant for beginning use of its mark.

With the notice of opposition there were filed as exhibits two registrations upon which opposer relies.

It is not deemed necessary to set out or paraphrase the notice of opposition in detail. As stated in the decision of the examiner, the allegations contained in the notice relate to both the confusion in trade and name clauses of section 5 of the 1905 Trade-Mark Act, now 15 U.S.C.A. § 1052, but it may be said that before us no great stress has been placed upon the name clause. However, we hereinafter discuss this phase of the case.

No brief was filed before us on behalf of applicant, nor was there any appearance on its behalf for oral argument. Opposer filed brief and also presented oral argument at the hearing. The brief submits the following questions as being involved:

"1. Is the appellee's mark confusingly similar to appellant's trade-marks 'Crown' so that confusion in trade is likely to result from concurrent use thereof on goods of the same descriptive properties within the meaning of the confusion-in-trade clause of Sec. 5 of the Trade-Mark Act of 1905, as amended?

"2. Has the appellee included in its composite mark the whole of appellant's trademark?

"3. Has the appellee included in its composite trade-mark the dominant and significant feature of appellant's registered trademarks?"

We direct attention to the fact that opposer's question No. 2 relates to the *whole of its trade-mark*—not to the whole of its name—and that question No. 3 also relates to its registered trade-marks—not its name.

The brief states, in substance, that the Assistant Commissioner answered the first question "No"; that he did not answer questions 2 and 3 and that we should answer "Yes" to all three.

The record does not disclose whether counsel for opposer submitted argument in question form before the Assistant Commissioner, nor does it disclose to what extent the name clause was stressed before him. The latter did not discuss that clause apart from the confusion in trade clause. The examiner's decision contains the following brief paragraph: "As to the second statutory ground of the opposition based on the name clause the examiner is not persuaded that the applicant's mark consists "merely in the name" of the opposer within the meaning of the statute. Ameri-

can Steel Foundries v. Robertson, etc., 342 Off.Gaz. 711, 269 U.S. 372, 46 S.Ct. 160, 162, 70 L.Ed. 317."

The case cited, decided January 4, 1926, is well known as constituting the Supreme Court's interpretation of the Trade-Mark Act of 1905, which interpretation the courts have followed since.

It was held explicitly there that " * * * Where the appropriation of the corporate name is complete, the rule of the statute, by its own terms, is absolute, and the proposed mark must be denied registration, *without more;* but, where less than the whole name has been appropriated, the right of registration will turn upon whether it appears that such partial appropriation is of such character and extent that, under the facts of the particular case, it is calculated to *deceive or confuse the public* to the injury of the corporation to which the name belongs." (Italics supplied.)

In the instant case the word "Crown" is less than the whole of opposer's mark, and, therefore, registration of applicant's mark may not be denied upon the name clause alone under that decision. Much the same situation exists here, so far as the name clause is concerned, as that which existed in the American Steel Foundries case, supra. There the word "Simplex" constituted a part of the corporate name of numerous corporations, including the Simplex Electric Heating Company which was seeking to prevent registration of the term to American Steel Foundries under the name clause of the Trade-Mark Act of 1905.[1]

It is obvious from the Supreme Court's decision that where one seeks to register less than the whole of a corporate name the question of likelihood of confusion resulting therefrom arises and must be considered. In effect, the Supreme Court so directed in its answer to the questions submitted in the American Steel Foundries case, supra, and that Court itself held that the applicant had the right to have "Simplex" registered for its use as a trade-mark, although it constituted a part of many corporate names.

The Assistant Commissioner correctly stated that the mark of applicant is difficult to describe, but we think it may be visualized sufficiently from his description that it "consists of a pictorial design of a grotesque or fanciful figure" and that "However described, the body of the figure is clearly intended to be that of a bee, wearing a dress and having wings which may or may not have anything in common with those of a honey bee. The head is that of a doll or little girl's head, obviously fanciful, and is topped by a pair of feelers or antenna, between which appears a small crown. While forming no part of the mark sought to be registered, the specimens indicate that in use it is accompanied by the phrase, 'For Your Little Honey.' "

The two registrations upon which opposer relies are numbered respectively 128,-351 and 199,341. The figure in No. 128,351, which was registered as a trade-mark for overalls only consists of two circumferential lines spaced apart so that there is a double circle. In the center of the circle there is a representation of a crown and between the inner and outer lines the word "Crown" appears in capital letters.

Trade-Mark 199,341 consists of the word "Crown" placed above the notation "Adjust-Alls," printed in somewhat fanciful type, with the words surrounded by lines which

---

1. The then Commissioner of Patents, Robertson, refused the registration on the ground, that the trade-mark consisted merely in the corporate name of Simplex Electric Heating Company and the Court of Appeals of the District of Columbia, In re American Steel Foundries, 49 App. D.C. 16, 258 F. 160 (now the U. S. Court of Appeals for the District of Columbia Circuit) affirmed Commissioner Robertson's decision. By certiorari the case went to the Supreme Court, American Steel Foundries v. Whitehead, 256 U.S. 40, 41 S.Ct. 407, 65 L.Ed. 818, but was dismissed for want of jurisdiction.

A suit in equity was thereupon brought in the Federal District Court for the Northern District of Illinois which dismissed the suit. Appeal was taken to the Court of Appeals, which certified certain questions to the Supreme Court that resulted in the decision in American Steel Foundries v. Robertson, 269 U.S. 372, 373, 377–378, 46 S.Ct. 160, 70 L.Ed. 317.

form a rectangle. It was registered as a trade-mark for overalls, union suits, working garments for boys, young men, and men.

Exhibits showing the forms of marks as used were filed and with them was filed a third exhibit having on it the hyphenated mark "Crown-Headlight." The certificate of the latter registration was not placed in evidence, and the particular goods upon which it was used are not definitely shown, but it is merely cumulative at most, and we do not regard it important.

In paragraph VIII of opposer's notice of opposition it is alleged that " * * * Crown is the dominating characteristic of the corporate name of The Crown Overall Mfg. Co., wherefore the use by anyone else of a mark, the dominant portion of which is the word Crown or a pictorial representation of a crown, constitutes an encroachment upon the corporate rights of the opposer, and is likely of creating confusion in trade."

The allegation so made implies that the crown feature of the application is the dominant feature of applicant's mark as well as that of the marks of opposer. We are of opinion that the symbol and word render "Crown" the dominating feature of opposer's registration No. 128,351, but regard it doubtful whether the word "Crown" without the symbol renders the word the dominating feature of registration No. 199,-341. It would seem more probable that a purchaser seeking an article covered by the latter mark would call for an "Adjust-Alls" garment rather than a "Crown" garment, but this is not particularly important here under the view we take of the case.

As compared in size with the doll head upon which the crown symbol rests in the mark of applicant, the symbol is diminutive. It does not fit upon the head, but rests on a small section between antennae extending from the head, which, we assume, are intended to represent the antennae of the honey bee. Also, notwithstanding opposer's insistence to the contrary, we regard the symbol as being inconspicuous. We are unable to agree, therefore, that the symbol constitutes the dominating feature of appli-

cant's mark, or that it is an essential feature thereof. It seems to us to be the least noticable feature of the mark and we agree with the statement of the examiner that " * * * examination of the mark of the applicant discloses that it is not the crown but rather the pictorial design of a honeybee with the head and dress of a small girl with doll-like appearance that constitutes the outstanding and dominant feature of applicant's mark, and the one that would most likely be remembered and associated by purchasers with the products of the applicant."

In the decision of the Assistant Commissioner it is said: " * * * Applicant's fanciful or grotesque figure appears to be * * * likely to be regarded as being a 'Queen Bee.' As such, the inclusion of a crown, the only feature of the mark to which opposer objects, is not incongruous, nor inconsistent."

There is no reason to suspect that in using the crown symbol, which is an entirely different type from the symbol of opposer, applicant was seeking in any way to derive benefits from either opposer's marks or its name.

Applicant nowhere used the word "Crown" and, as stated by the Assistant Commissioner, "No emphasis whatever is placed upon the crown and it is not separated or differentiated from the balance of the figure in any way."

We doubt that the presence of the symbol on the doll head would bring to the mind of any purchaser of applicant's goods a thought of either opposer's name or mark, or that any one would obtain the impression that the goods had their origin with opposer.

The several authorities cited in the brief for opposer, in support of the contention on its behalf respecting the likelihood of confusion if the marks of the respective parties are concurrently used, have received our study and respectful consideration, but we fail to find in any one of them a state of facts such as exists here. We have not overlooked the frequently quoted expression of the Court of Appeals of the District of Columbia (now the U. S. Court of

Appeals for the District of Columbia Circuit) in the case of Carmel Wine Company v. California Winery, 38 App.D.C. 1, decided in 1911, reading:

"We think it is apparent, without argument, that the two marks are deceptively similar within the meaning of the statute. It goes without saying that the one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him."

■ All too often those quoting that expression overlook the fact that the last two sentences are predicated upon the first sentence, that is, one may not incorporate as an essential feature of his mark the mark of another and thus render the two marks deceptively similar. It should be emphasized that we speak of *marks*—not *names*. When one seeks to take the *entire* corporate name of another and seeks to register it in a mark for himself he will be denied registration "without more," (that is, without any reference to confusion) under the rule established by the Supreme Court in the American Steel Foundries case, supra, but the rule is not the same with respect to *marks* (or, we may add, with respect to *parts* of corporate names).

One of the early cases decided by this court, after jurisdiction of appeals from the Patent Office had been transferred to it from the Court of Appeals of the District of Columbia, was that of MacEachen v. Tar Products Corporation, 41 F.2d 295, 17 C.C.P.A., Patents, 1264. We there had occasion to state our conception of the meaning of the rule stated in the decision in the Carmel Wine Company case, supra, and we said:

"Within the proper limits the rule is applicable, but we do not think it should be carried to the extent of holding that by use and registration of a word in common use one can acquire such rights therein as to enable him to prevent registration thereof by another simply and solely because the latter's word may contain the word of the former. * * *

"We feel, in other words, that the rule is not applicable unless the contesting marks also present such features of resemblance as to be likely to cause confusion or deceive purchasers."

We have followed consistently that interpretation in subsequent cases where the hereinbefore quoted paragraph from the Carmel Wine Co. decision has been discussed, and so far as we are aware, the tribunals of the Patent Office have followed it. Our attention has not been directed to any court decision to the contrary.

In the instant case the examiner referred to our decision in the case of Prince Matchabelli, Inc. v. DeBotelho, 139 F.2d 519, 31 C.C.P.A., Patents, 748, where the ultimate issue related to the alleged confusing similarity of the marks, "particularly to the similarity of *crown* features of the respective marks" (italics supplied), and expressed the opinion that the crown representation of applicant here is of even less prominence than the crown representation of the composite mark involved in that case.

■ The Assistant Commissioner did not refer to that case in his decision and the brief for opposer asserts that it is not apposite and that the Assistant Commissioner did not rely upon it. We do not know, of course, just what view the Assistant Commissioner had of it. Most of the decision was devoted to a question of *res judicata* which was raised. So far as we are concerned, we think our decision upon the ultimate issue is apposite here and that what we said then in sustaining the Assistant Commissioner's decision there is directly in point here. So, we quote it: " * * * opposer is not entitled to claim ownership of all forms or styles of representations of crowns as a trade-mark for its goods, so that it may exclude use or registration of a form or style differing from its own in the particulars described in the decision of the commissioner, and, in our opinion, there is no likelihood of confusion resulting from the registration applicant seeks."

The decision of the Assistant Commissioner sustaining that of the examiner dismissing opposer's protest and holding applicant entitled to the registration sought is affirmed.

Affirmed.