# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

---

## CARMEL WINE COMPANY *v.* CALIFORNIA WINERY.

---

TRADEMARKS; SIMILARITY; PRIOR USE.

1. A mark to be used in connection with the sale of wine, consisting of the representation of a vineyard, a herd of camels, and two men bearing a grape, is so similar to a mark to be used in the same manner, consisting of the picture of two men with dress similar to that in the other mark, and bearing a bunch of grapes between them, as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

2. In a trademark case in which a wine company, in opposing an application for the cancelation of its trademark, and claiming prior use, established by its officers a use of the mark since 1895, and the only testimony against its contention was a photograph, being one of its exhibits, purporting to have been taken in that year, showing some of its employees seated upon and about several barrels of its goods, upon the ends of which was stenciled a mark somewhat similar, but essentially different, mark, it was *held* that the stenciling of the barrels might have been an experimental variation of the mark in question, and that the priority of the use claimed had been sufficiently shown.

No. 739. Patent Appeals. Submitted November 20, 1911. Decided December 4, 1911.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a petition for the cancelation of a trade-mark registration.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Walter E. Rogers* for the appellant.

*Mr. A. E. Wallace* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by the Carmel Wine Company from a decision of the Commissioner of Patents sustaining the petition of the California Winery, appellee here, for the cancelation of appellant's trademark registration.

Two questions are presented in this appeal,—whether the marks are so similar "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers" (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1275), and, if so, whether appellee is entitled to priority of adoption and use. Appellant's mark is a label containing certain pictorial representations "the essential feature of which," as stated in its application, "is the representation of a vineyard, a herd of camels, and two men bearing a grape." These men are apparently garbed in the costumes of Bible times, and this particular feature of the mark was undoubtedly inspired by the allusion in Numbers XIII. 23, to the cutting of a cluster of grapes and the bearing of it "between two upon a staff."

An examination of appellant's mark shows that the "two men bearing a grape" is its most striking feature. The figures of the men are considerably larger than the figures of the camels, and even the bunch of grapes carried by the men looks larger than any of the camels.

The mark claimed by appellee is a label containing a pictorial representation of two men with dress similar to that in

appellant's mark, these men bearing a bunch of grapes between them as in appellant's mark.

We think it is apparent, without argument, that the two marks are deceptively similar within the meaning of the statute. It goes without saying that one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him.

Appellant's mark was first used in this country in about 1898. We will here briefly review the evidence introduced by the appellee as to when it first adopted and used its mark. Fred. J. Keisel, a man sixty-seven years of age, the organizer of the California Winery Company, in the summer of 1895, and familiar with its affairs since that date, testified that upon the organization of the company he visited an engraver in Sacramento, California, and there selected from among the designs shown him "the picture, or design, of Joshua and Caleb carrying between them, suspended on a pole, a large bunch of grapes;" that this design was immediately used as the company's trademark, and soon thereafter, at the suggestion of the witness, it was registered in Mida's Criterion, a liquor trademark registry bureau. A certificate of this registration was issued by this bureau under date of September 16, 1895. The witness further testified that he had personal knowledge that this "Joshua and Caleb" mark had been in continuous use by appellee since its adoption.

Fred W. Keisel, a son of the previous witness, and a banker by occupation, testified that he was the president of the appellee company; that he was first connected with the company in 1894, as manager; that he was sent there by his father, who then had an option to purchase the winery, which option was taken up early in July of 1895; that this "Joshua and Caleb" mark was immediately thereafter adopted, and has ever since constituted the company's mark. The witness gave the names and addresses of individuals and firms to whom his company had shipped goods under this mark from 1895 to the present time.

He identified a circular bearing this mark and containing in writing "July 10th, 1895." This notation, he testified, was in his own handwriting and presumably made on the date it appears to have been made. The witness further testified that when the cement sidewalk in front of the premises occupied by the winery company was constructed, in December, 1895, he procured a woodcut of his trademark about 12 inches square, and impressed the mark in the sidewalk in two or three places, and that the impression has been there ever since. This last testimony was directly corroborated by the elder Keisel and also by a Mr. Sheehan, who testified that at the time the impression was made in the sidewalk he lived within two or three blocks of the winery, frequently passed the premises, and observed this "Joshua and Caleb" mark, with the date 1895, stamped in the walk. There is considerable other testimony tending to show prior adoption and use of this trademark by appellee, but we do not deem it necessary to review it further.

Notwithstanding the above briefly outlined evidence in favor of appellee, in contradiction of which no testimony has been introduced, appellant contends that the mark first adopted and used by appellee was not the mark of the issue, but a mark containing a pictorial representation of two men dressed as hunters and bearing a large bunch of grapes between them. This contention grows out of an exhibit introduced by appellee. This exhibit is a photograph which purports to have been taken in November of 1895, and shows employees of appellee seated upon and about several barrels of appellee's goods, upon the ends of which was stenciled a mark of two hunters bearing a large bunch of grapes between them. The evidence above outlined is of two convincing a character to be overcome by this photograph. It may well be that the stenciling of these barrels was an experimental variation of the "Joshua and Caleb" mark.

We conclude, therefore, that the decision of the Commissioner was right, and must be affirmed. The clerk will certify this opinion according to law.    *Affirmed.*