# FISHBECK SOAP COMPANY *v.* KLEENO MANUFACTURING COMPANY.

TRADEMARKS; GOODS OF THE SAME DESCRIPTIVE PROPERTIES; DISCLAIMER; FIRM NAME AS TRADEMARK.

1. Within the meaning of the trademark act of Congress, powder used in washing various materials or articles, and adapted for use in cleansing and polishing articles made of metal, is of the same descriptive property as metal polish, so that the use of the word "Kleeno" as part of a trademark, used by a company manufacturing the latter product, will infringe the rights of a company manufacturing the former product, and which has previously registered the word as a trademark therefor. (Citing *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304; *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272, and *Anglo-American Incandescent Light Co.* v. *General Electric Co.* (43 App. D. C. 385.)

2. The disclaimer by the applicant for the registration as a trademark, of a mark, part of which consisted of the word "Kleeno," of that word, after an opposition has been filed, will not of itself justify the dismissal of the opposition, as the practice of permitting a disclaimer under such circumstances would result in confusion, and deprive the owner of a mark of the protection to which he is entitled. (Citing *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1.)

Note.—For cases passing upon the right to use trademark on articles other than those to which it is applied by the owner, see notes to *Virginia Baking Co.* v. *Southern Biscuit Works,* 30 L.R.A.(N.S.) 167, and *Atlas Mfg. Co.* v. *Smith* 47 L.R.A.(N.S.) 1003.

D. C.]               Statement of the Case.

3. Whether the firm name of manufacturers may be registered as part of their trademark depends upon how it is applied. (Citing *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 410.)

No. 967.   Patent Appeals.   Submitted May 10, 1915.   Decided May 28, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to an application for the registration of a trademark.           *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal [by the Fishbeck Soap Company] from a decision of an Assistant Commissioner of Patents dismissing appellant's opposition to the registration to the appellee, the Kleeno Manufacturing Company, of the following mark, which appellee claims to have used since 1913:

In the notice of opposition it is set forth that appellant has continuously used the trademark "Kleeno" since 1895, and that it registered that mark in the Patent Office December 19, 1911; that the mark has been used on goods consisting of a powder used and adapted for use in washing various materials and articles, and adapted for use in cleansing and polishing various materials, including goods made of metal; that goods of the descriptive character mentioned, bearing the trademark "Kleeno," "have come to be recognized and are recognized by the trade and the public as goods made and sold and having their origin with said Fishbeck Soap Company, and said trademark Kleeno is indicative of the origin and genuineness of goods or preparations made by said Fishbeck Soap Company."

The Examiner of Interferences dismissed the opposition upon the ground that the appellee has disclaimed the word "Kleeno." The Assistant Commissioner ruled that the goods of the parties are not of the same descriptive properties.

*Mr. Wm. G. Henderson* for the appellant.

*Mr. Hervey S. Knight* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

We think the goods of the respective parties are of the same descriptive properties within the meaning of the trademark act. *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304; *William Baker & Co.* v. *Harrison,* 32 App. D. C. 272; *Anglo-American Incandescent Light Co.* v. *General Electric Co.* (43 App. D. C. 385.) In the case last cited it was ruled that the Patent Office properly refused to register the word "Mazda" as a trademark for incandescent gas mantles, when the word had already been appropriated and extensively used as a trademark for electric lamps. We said: "We think Congress, in using the words 'descriptive properties,' intended that they should be given their popular signification. Giving them that signification, no trademark may be registered when

it is appropriated to goods of the same general qualities or characteristics as those of the goods to which another trade-mark already has been appropriated." We directed attention to the fact that gas mantles and electric lamps were used for the same purposes, were usually sold by the same dealer, and frequently were used together on combination fixtures; that while no man of average intelligence would purchase a "Mazda" gas mantle in the belief that it was a "Mazda" gas lamp, the average person would believe that he was purchasing the product of the manufacturer of "Mazda" lamps. In the present case the notice of opposition sets forth that appellant's "Kleeno" powder is used in washing various materials or articles and adapted for use in cleansing and polishing articles made of metal. In other words, that it is adapted for the same uses to which appellee's polish is adapted. Appellant, therefore, legitimately may extend its trade, if it has not already done so, to include the specific uses to which appellee's polish is adapted. Appellant, having established a trade reputation, ought not to have that reputation put in jeopardy by the registration to the appellee of the same mark for use upon goods so nearly alike, and the public likewise is entitled to protection.

The fact that the appellee has filed a disclaimer is of no consequence, for "one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion and deprive the owner of a mark of the just protection which the law accords him." *Carmel Wine Co.* v. *California Winery,* 38 App. D. C. 1. The disclaimer would slumber in the archives of the Patent Office while the mark would be used as registered. That is to say, the disclaimer would make no difference to the public. Such a subterfuge ought not to be permitted. Whether the firm name of appellee may be registered as a part of its mark depends upon how it is applied. *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 410.

The decision must be reversed.                    *Reversed.*