## R. H. MACY & CO., Inc., v. H. W. CARTER & SONS.

(Court of Appeals of District of Columbia.
Submitted March 9, 1926. Decided
April 5, 1926.)

No. 1832.

Trade-marks and trade-names and unfair competition &#9096;&#61;43.

Registration of trade-mark "Irontex" for use on hosiery *held* to preclude another's registration of same word for use on men's and boys' coats.

Appeal from the Commissioner of Patents.

Application by H. W. Carter & Sons for registration of trade-mark, opposed by R. H. Macy & Co., Inc. From a decision of the Commissioner of Patents, granting registration, opposer appeals. Reversed.

J. T. Newton, of Washington, D. C., for appellant.

A. P. Greeley, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an appeal from the Commissioner of Patents in a trade-mark opposition proceeding, wherein appellant, R. H. Macy & Co., filed its opposition against the application of appellee, H. W. Carter & Sons, to register the word "Irontex" as a trade-mark for men's and boys' coats, made of woolen textile fabric. It appears that the opposer, for many years prior to the adoption of the mark by appellant company, operated a large department store in the city of New York, in which he has sold hosiery under the trademark "Irontex," and for which he secured a registration in 1908. The sole question for consideration is whether or not opposer would be damaged by the use of the mark by appellant on coats.

Unquestionably, hosiery is easily distinguishable from men's and boys' coats, and while it is well settled that dissimilar goods may be marketed side by side bearing the same trade-mark without damage to either party, we think these distinctions have no place in this case. The mere dissimilarity between hosiery and men's and boys' coats is not the determining factor. The question here to be considered is whether the public would not have the right to believe that the same person or company that manufactured the coats manufactured the hosiery. They belong to the same general class of merchandise, they are sold frequently in the same store, and the person who purchases an "Irontex" coat may well believe, when purchasing "Irontex" hosiery, that they are produced by the same manufacturer.

We think that the two classes of goods bearing the same mark in this case "are so intimately associated in the popular mind, with reference to their manufacture or marketing, that purchasers in general would be likely to assume and believe that the same trade-mark upon them would naturally imply a common origin. In such case the goods may be said to be of the same descriptive properties, and if the same trade-mark could be adopted by different parties for such classes of goods, a manufacturer of one class, by adopting a trade-mark used by a manufacturer of another class, could readily palm off his goods as those made or dealt in by the other, thereby unfairly reaping the benefit of the other's advertising and good will." Oppenheim, Oberndorf & Co. v. President Suspender Co., 55 App. D. C. 147, 3 F.(2d) 88.

The decision of the Commissioner of Patents is reversed.