32 C.C.P.A. (Patents)

## Application of LASKIN BROS., Inc.

## Patent Appeal No. 4920.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Caesar & Rivise, of Philadelphia, Pa. (A. D. Caesar and C. W. Rivise, both of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, 56 USPQ 471, affirming the final action of the Ex-

aminer of Trade-Marks in refusing to register the word "Caress" as a trade-mark for panties, slips, night dresses, combinations, and petticoats in view of a registration previously issued to H. W. Anthony Company for the same mark applied to hosiery.

The original decision of the examiner held that since both marks were the same, and the goods were of the same descriptive properties, the registration was prohibited by statute.

Thereafter, the applicant filed a "Letter of Consent" from the registrant, H. W. Anthony Company, asserting that the use of the mark by applicant on the goods stated does not, in any way, conflict with the use of the trade-mark by the registrant for hosiery, and assenting to both the use and registration of such mark by the applicant.

The examiner then held that since the marks were the same and the goods were of the same descriptive properties, the consent of the registrant was unavailing. That decision was affirmed by the Commissioner of Patents, and this appeal brings the legality of his action before us for review.

Section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85, relating to the registration of trade-marks, so far as pertinent, provides:

" * * * That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark

\* \* \* \* \* \*

*"Provided, That trade-marks which are identical with a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties,* or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers *shall not be registered* \* \* \*." (Italics ours.)

Since there is no dispute as to the fact that the marks are identical, the first issue to be considered is whether or not the merchandise is of the same descriptive properties.

The appellant insists that there is a radical difference between its goods and the goods of the registrant, and that the concurrent sale of their respective merchandise under the same trade-mark by the two different parties would not be likely to cause confusion or deceive the purchaser.

In effecting what is considered to be the primary purpose of the trade-mark law, namely, to prevent confusion or mistake in the mind of the public or the deception of purchasers as to the origin of the goods of competing vendors, the courts have given a liberal interpretation to the statutory phrase, "merchandise of the same descriptive properties."

As a result, many identical or similar marks have been refused registration, although the respective articles of merchandise in question were considerably different. In California Packing Corporation v. Tillman & Bendel, Inc., 40 F.2d 108, 17 C.C.P.A.,Patents, 1048, the court held that coffee constituted goods of the same descriptive properties as canned fruits and vegetables. In R. H. Macy & Co., Inc., v. H. W. Carter & Sons, 56 App.D.C. 249, 12 F.2d 190, men's clothing and hosiery were held to be goods of the same descriptive properties, and in Lewis v. New Way Hosiery Company, 41 U.S.P.Q. 624, there was the same holding as to women's lingerie and negligees, and women's hosiery. See also Philadelphia Inquirer Co. v. Coe, D.C., 38 F.Supp. 427, and cases therein cited.

In their respective petitions for registration of the mark "Caress," both the applicant and registrant herein applied to have their merchandise classified in the Patent Office in Class 39, Clothing, and there can be no doubt under a long line of decisions of this court that the goods of the two parties are of the same descriptive properties.

Therefore, the facts in this case bring it directly within the prohibitory provision of the statute cited, and the doctrine enunciated in Philadelphia Inquirer Co. v. Coe, 77 U.S.App.D.C. 39, 133 F.2d 385.

Nor does the fact that the applicant procured a "Letter of Consent" from the registrant alter the situation. In refusing to register a prohibited mark, the Commissioner of Patents acts as the guardian of the public interests and the parties by their deeds or agreement cannot confer upon him the power to do that which he is prohibited from doing under the statute. See Skookum Packers' Association v. Pa-

cific Northwest Canning Co., 45 F.2d 912, 18 C.C.P.A.,Patents, 792, 797; Philadelphia Inquirer Co. v. Coe, supra; George A. Breon & Co., Inc., v. Abraham Aronovic, 33 U.S.P.Q. 390; Fruit Industries, Ltd., v. Ph. Schneider Brewing Co., 46 U.S.P.Q. 487.

Even under the test of likelihood of confusion, the result in this case would be the same, as the goods have all the criteria that have been held to show likelihood of confusion where the marks are identical or nearly resemble one another.

■ Appellant contends that none of the cases cited by the examiner in his decision, and followed by the Commissioner of Patents, are applicable to the case at bar for the reason that a controversy existed between two contending users in each such case. The point is without merit. The legal construction of the statutory phrase "merchandise of the same descriptive properties" is the same in both ex parte and inter partes proceedings, and the same rules are applied in reaching a decision whether the proceedings are ex parte or contested. In re Keller, Heumann & Thompson Co., Inc., 81 F.2d 399, 23 C.C.P.A.,Patents, 837, 839.

The decision of the Commissioner of Patents is affirmed.

Affirmed.