37 C.C.P.A.(Patents)

## Application of FLEET–WING CORPORATION (two cases).

### Patent Appeals Nos. 5752, 5753.

United States Court of Customs and Patent Appeals.

Argued Jan. 9, 1951.

Decided April 10, 1951.

Campbell, Brumbaugh, Free & Graves, New York City (Gertrude M. Egan, Walter H. Free, New York City, and Fisher & Christen, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Walter J. Derenberg, New York City, of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

WORLEY, Judge.

These are two appeals from decisions of the Commissioner of Patents of the United States Patent Office, 80 USPQ 177 and 80 USPQ 179, affirming the action of the Examiner of Trade-Marks, in refusing to register the mark "Fleet-Wing" for use on automobile storage batteries and on automobile tires and tubes because of the prior registrations of the words "Fleet" and "Wing," respectively, on identical goods.

The mark "Fleet," registration No. 386,-987, was issued to the Gilmore Oil Company April 29, 1941, for use on storage batteries; the mark "Wing," registration

No. 46533, was issued to the Goodyear Tire and Rubber Company September 26, 1905, for use on automobile tires and tubes.

Although separate records were submitted in each case, because of the common subject matter, counsel for appellant have submitted a single brief before this court.

From the record, it appears that appellant is incorporated in the State of Ohio and does business under the name Fleet-Wing Corporation; that since 1928 it has engaged in operating a chain of automobile service stations in the Middle Western States; that a part of the chain is owned by the corporation but a number of the stations are leased to individual operators under a franchise system which entitles them to the use and display of the Fleet-Wing insignia; and that registration of such Fleet-Wing insignia as a service mark was granted appellant in March 1950.

Aside from storage batteries and automobile tires and tubes, other automobile accessories are sold which include seat covers, radiator compounds, oil, gasoline, and insecticides. Appellant has been granted registration for four "Fleet-Wing" trade-marks on gasoline and lubricating oils; insecticides, insect sprays and cattle sprays; gasoline, lubricating oils and lubricating greases; and for oil soap, cleansers, and metal polishes for automobiles. It also uses the mark "Fleet-Wing" on other items which it handles.

Appellant contends here, as it did before the tribunals of the Patent Office, that the provisions of section 5 of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1052, are not applicable. The pertinent portions of that section read as follows: "That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark * * * so nearly resemble[s] a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers * * *."

Among the reasons advanced by appellant in support of its contention that concurrent use of the mark "Fleet-Wing" on storage batteries and the registered mark "Wing" on tires and tubes would not be likely "to cause confusion or mistake in the mind of the public or to deceive purchasers," we find the following: that the mark for which registration is sought is also the name of appellant; that its date of incorporation in 1928 was prior to the registration of the mark "Fleet;" that the mark of appellant is different in sound, meaning, and appearance from the registered marks; that the owner of the mark "Fleet" has consented to its use by appellant; and that the environment of sales, namely, that it is sold only in its own and franchised service stations, all combine to eliminate, or at least lessen, the possibility of any confusion in the minds of the purchasing public as to the common origin of the items to which the marks are applied.

As pointed out, the tribunals of the Patent Office felt there was sufficient likelihood of such confusion as to warrant their action in refusing registration.

Cases such as the one at bar are often difficult of decision. We believe it pertinent to quote at this point from the decision in the case of Lever Brothers Co. v. Sitroux Co., 109 F.2d 445, 446, 27 C.C.P.A., Patents, 858, 860. "It may be said at the outset that in cases like that at bar where the registration of one mark over a similar mark for goods of the same class is involved, there is rarely any decision of any court that is sufficiently analogous to be absolutely controlling. One reason this is true is because, as has been frequently stated, the question of confusion resulting from the similarity of the marks and goods is largely one of individual opinion. Where the circumstances in a decided case differ, even only to a slight degree, from those in a case to be decided, it is often difficult to determine just what effect those differences should be given."

The sole question here is whether the concurrent use of the word "Fleet-Wing" and "Fleet" on identical goods would be likely to cause confusion in the mind of the public.

■ In our opinion the tribunals of the Patent Office were correct in holding that "Fleet-Wing" and "Fleet" are sufficiently similar in sound, meaning, and appearance, when applied to *identical* goods, as to justify denial of registration.

The Solicitor for the Patent Office argues the law is well established that a mark consisting of two separable parts is not registrable where either part consists in its entirety of a registered mark belonging to a prior registrant when used on identical products, citing as its authority Carmel Wine Co. v. California Winery, 38 App.D.C. 1, 1912 C.D. 428, and quotes therefrom as follows: " * * * It goes without saying that one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him."

■ We do not believe that decision established the proposition that under no circumstances could the entire mark of another be appropriated by a newcomer.

In the following quotation from the decision of the commissioner, with reference to appellant's application for registration of the mark "Fleet-Wing" over the registered mark "Wing," it is stated:

" * * * It is of course true that where a word comprises a mark, or a conspicuous part of a mark, and is combined with other words or features in a new mark in such a manner that it is completely differentiated therefrom or so that it, in effect, loses its identity and that similarity in sound, appearance or meaning is lacking in the resulting combination, it may be registered, and in such cases what applicant designates as a 'rule of thumb' has not been followed. As instances of cases in which this exception has been followed see The Vendo Co. v. Vendor-lator Manufacturing Co., 613 O.G. 1101, 78 U.S.P.Q. 207; The Borden Company v. Swiss-American Importing Co., 614 O.G. 821, 78 U.S.P.Q. 335. This does not, however, detract from the soundness of the general rule expressed in the Carmel Wine v. California Winery Case, supra. In Montgomery Ward & Co., Inc. v. Spiegel, Inc., 132 F.2d 144 [146], 30 C.C.P.A. [Patents], 721, the court said:

" ' * * * we do not mean to imply that any newcomer would be privileged to register a trade-mark using the word "air," unless the mark as a whole were of such character as to eliminate the probability of confusion in trade.' "

Here the mark sought to be registered is printed in a slanted block type as is the registered mark "Fleet" and the goods are identical, therefore if appellant's registration is allowed, there must be a sufficient distinction between the marks themselves. It was the examiner's holding that such a distinction did not exist because the mark of the registrant was incorporated into the appellant's mark in such a manner that confusion in the mind of the purchasers was inevitable. We share the belief of the examiner that it would be quite logical for the ordinary purchaser to assume that "Fleet" and "Fleet-Wing" storage batteries were companion products of the same manufacturer.

■ The emphasis placed by appellant on the environment of sales is not appropriate because the application for registration does not limit sales in any particular manner or to any particular stores or stations and it is well established that sales methods are subject to change at any time.

■ Appellant strongly urges that the consent granted by the owner of the mark "Fleet" to its use by appellant should be given great weight. We agree that full consideration should be given such consent but we cannot agree that in this case it lessens the probability of confusion, nor should it be held to modify the language of the court in the case of In re Laskin Brothers, Inc., 146 F.2d 308, 309,

32 C.C.P.A., Patents, 820, 64 U.S.P.Q. 225, where it was stated: "* * * In refusing to register a prohibited mark the Commissioner of Patents acts as the guardian of the public interests and the parties by their deeds or agreement cannot confer upon him the power to do that which he is prohibited from doing under the statute."

For the reasons stated herein, we believe the tribunals of the Patent Office were correct in holding that the concurrent use of the word "Fleet" and "Fleet-Wing" when used on identical goods would be likely to cause confusion in the mind of the public and to deceive purchasers.

With respect to the denial of registration of the mark "Fleet-Wing" for the reason that, as applied to identical goods as those to which the registered mark "Wing" is applied, those marks are confusingly similar for the same reasons we have applied in our agreement with the decision of the Commissioner holding that "Fleet-Wing" and "Fleet" are confusingly similar.

For the reasons stated, we feel the decisions of the Commissioner of Patents should be and they are hereby affirmed.

Affirmed.