KIMBERLY–CLARK CORPORATION v.
MARZALL, Commissioner of
Patents (two cases).

Nos. 10932, 10933.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1951.

Decided May 1, 1952.

C. Willard Hayes, Washington, D. C., with whom Cyril A. Soans, Chicago, Ill., was on the brief, for appellant.

E. L. Reynolds, Sol., United States Patent Office, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Each of these appeals presents the question whether a combination of two surnames is registrable as a trade-mark. The principal difference between the two cases is that one was brought under the Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq., and the other under the Act of July 5, 1946, 15 U.S.C.A. § 1051 et seq.

*No. 10,932.* Kimberly-Clark Corporation, a manufacturer of paper and paper products, applied under the Act of 1905 for registration of a trade-mark consisting of the words "A Product of Kimberly Clark Research," within a scroll border design. The application contained the following disclaimer:

"Without waiver of common law rights, or rights under other statutes, Applicant disclaims exclusive use, apart from the trade-mark herein shown, of the words 'A Product of', or the word 'Research', or the separate use of the surname 'Kimberly', or the separate use of the surname 'Clark'."

Finding that the words "Kimberly Clark," which dominate the mark by appearing in larger letters than do the other words, are merely names of individuals, that the words "A Product of * * * Research" are descriptive, and that there is no distinctive display, the Patent Office refused registration, relying on that part of § 5 of the Act, 15 U.S.C.A. § 85(b), which provides:

"* * * That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, or merely in words or devices which are descriptive

of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this subdivision of this chapter: * * *."

Kimberly-Clark Corporation's complaint under R.S. § 4915, 35 U.S.C.A. § 63, seeking authorization of registration was dismissed by the United States District Court for the District of Columbia, and this appeal followed.

In re Meyer Brothers Coffee & Spice Co., 1908, 32 App.D.C. 277, this court refused to authorize registration of "America's Strength" as a trade-mark for coffee because neither word was registrable alone —one being geographical and the other descriptive. The Court of Customs and Patent Appeals has held unregistrable the trade-mark "Piperazine-Midy" on the ground that "Piperazine" was descriptive of the goods and "Midy" was a surname.[1]

 It is therefore established that a registrable trademark cannot be formed by combining a geographical name, or the name of an individual, with a descriptive word. Such combination is unregistrable because each of its constituent parts is unregistrable. The appellant says this principle does not apply to a mark formed by combining the names of two individuals. Such a mark must be considered as a whole, it argues, and cannot be dissected into its elements for the purpose of rejecting each element separately. Beckwith's Estate, Inc., v. Commissioner of Patents, 1920, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705, is cited as supporting that proposition. The mark involved there was clearly registrable except for the presence of certain descriptive words. The question was whether those words must be stricken from the mark before it could be registered, or whether a mere disclaimer would permit registration. The holding of the Beckwith case was that a trade-mark, otherwise registrable, is not unregistrable because it contains descriptive words, if the applicant disclaims the right to the exclusive use of

those words apart from the setting and relation in which they appear in his mark. That case is not authority for the proposition that a registrable mark may be formed by combining two words which are singly unregistrable.

The Court of Customs and Patent Appeals described the Midy Laboratories case as a "novel situation where a party seeks registration of a mark consisting of two words connected by a hyphen, neither of which words is registrable standing alone and both of which are disclaimed." The situation here is exactly the same except that the two words are not connected by a hyphen. In the course of the opinion affirming the Commissioner's refusal to register the mark "Piperazine-Midy," the Court of Customs and Patent Appeals said:

"Obviously, the granting of applicant's application in this case would result in registering, when combined, words non-registrable separately. The combination of the words in no way changes their significance in any trademark sense. Each continues to have the same meaning that it would have as a separate word."

Appellant's theory seems to be that, in combination, the words "Kimberly" and "Clark" somehow lose their significance as surnames, with the result that "Kimberly Clark" is merely fanciful. It is not the name of any individual living or dead, says the appellant. With equal or greater assurance it might be said that "Piperazine-Midy" is not the name of any person. Nevertheless, the Court of Customs and Patent Appeals recognized the descriptive word "Piperazine" and the surname "Midy" in the mark. Neither had lost its identity as an unregistrable word by being used in hyphenated combination.

The appellant cites no judicial authorities in support of its proposition that a registrable mark can be formed by combining two surnames which are separately unregistrable, and we have found no such authority. It is pointed out that many years ago the Commissioner of Patents permitted registration of the trade-marks "Crew-

1. In re Midy Laboratories, Inc., 1939, 104 F.2d 617, 26 C.C.P.A.Patents, 1294.

Levick" and "Penn-Allen." [2] These rulings were prior to the decision in the Midy Laboratories case. It is noteworthy that, after that opinion came down, the Commissioner of Patents followed it in refusing to register "Bendix-Weiss," a mark formed by combining the names of two individuals.

The appellant regards the Midy Laboratories case as "logical and sound." It finds the rationale of the decision to be that the descriptive word "Piperazine" was mere surplusage and the essential question was whether the surname "Midy," standing alone, was registrable. Then, to distinguish that case from this, the appellant says, "The Midy case did not involve a mark formed by combining two surnames." That fact does not seems to us to be a distinguishing difference. "Piperazine" was surplusage not merely because it was descriptive but because, being descriptive, it was separately unregistrable. By the same token the separately unregistrable surname "Midy" was also mere surplusage, so the mark disappeared so far as the possibility of registration was concerned.

The principle of the Meyer Brothers and Midy Laboratories cases is applicable here. We affirm the judgment of the District Court.

■ *No. 10,933.* The Kimberly-Clark Corporation also filed applications for registration of the trade-mark "Kimberly-Clark" (this time with a hyphen) on the principal register under the Act of July 5, 1946, 15 U.S.C.A. § 1051 et seq.[3]

As the applications showed the mark had been used by the appellant for many years and had come to designate its goods and no others and so had acquired a secondary significance, the Commissioner offered to grant registration on the supplemental reg-

2. Ex parte Crew-Levick Co., 123 MS.Dec. 4, 7 T.M.Rep. 397; Ex parte Pennsylvania Dixie Cement Corp., 2 U.S. P.Q. 146, 156 MS.Dec. 86.

3. This comprehensive trade-mark legislation, which became effective one year after its passage, requires the Patent Office to keep a principal register of trade-marks and prescribes the conditions under which a mark may be registered thereon. 15 U.S.C.A. §§ 1051 and 1052.

ister under § 2(f) of the Act of 1946, 15 U.S.C.A. § 1052(f), which is as follows:

"(f) Except as expressly excluded in subsections (a), (b), (c) and (d) of this section [inapplicable here], nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration."

Kimberly-Clark Corporation rejected the Commissioner's offer and made it clear by amended applications that it desired nothing less than entry on the principal register. The applications did not disclaim the separate use of the words "Kimberly" and "Clark" but appellant expressed in its brief a willingness, to make that disclaimer and said it did not seek the right to the exclusive use of either word. Moreover, § 6 of the Act, 15 U.S.C.A. § 1056, directs the Commissioner to require unregistrable matter to be disclaimed.

The Commissioner held the combination of two surnames unregistrable on the principal register because § 2 of the Act, 15 U.S.C.A. § 1052, provides:

"No trade-mark * * * shall be refused registration on the principal register on account of its nature unless it—* * * (e) Consists of a mark which, * * * (3) is primarily merely a surname."

A supplemental register is provided for marks which have acquired secondary significance but are not registrable on the principal register. 15 U.S.C.A. §§ 1052 (f), 1091 et seq.

The 1946 Act [§§ 46(a) and 47(a)] repealed the Act of 1905 but left it in effect to the extent that registration thereunder might be granted on applications therefor filed before the effective date of the new statute.

**775**

This appeal is from the District Court's dismissal of the complaint filed by Kimberly-Clark Corporation under R.S. § 4915 for authorization of registration on the principal register.

Substantially the same arguments are presented for reversal here as were made in No. 10,932. For the reasons given in our discussion of that appeal we affirm the judgment of the District Court.

Cases Nos. 10,932 and 10,933 affirmed.