40 C.C.P.A. (Patents)
## Application of ADA MILLING CO.
### Patent Appeals No. 5969.

United States Court of Customs and Patent Appeals.
June 24, 1953.

O'Connell, J., dissented.

Harvey B. Jacobson, Washington, D. C. (John H. Lewis, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents in a trade-mark proceeding, affirming the decision of the Examiner of Trade-Marks in refusing registration under section 2 of the Lanham Act, Trade-Mark Act of 1946, 15 U.S.C.A. § 1052, of the mark "Startgrolay" for use on "Poultry Feed, Consisting of Wheat Shorts, Salt Calcium Carbonate, Soybean Grits, Soybean Meal, Meat and Bone Meal, Ground Kaffir, Milo Maze, and Yellow Corn."

The application, Serial No. 581,513, filed July 5, 1949, was refused registration on the Principal Register by the tribunals of the Patent Office on two grounds, viz., that the mark "Startgrolay" was generally descriptive of the goods on which it is used and not capable of distinguishing the appellant's goods, and that it was confusingly similar to the registered mark "Lay-An-Grow," Registration No. 360,713, issued September 20, 1938, for use on poultry feed.

In denying registration on the first ground of rejection, the Examiner-in-Chief stated:

"* * * the mark is generally descriptive of the goods and not capable of distinguishing applicant's goods. The term 'Startgrolay' is a combination of the words 'start', 'grow', phonetically spelled, and 'lay'. These words, in adjectival form, are commonly used to indicate various types of feed used in the raising of poultry. As applied to applicant's goods, the mark merely indicates that the feed in connection with which it is used is intended for or claimed to be a starting feed, a growing feed, and a laying feed. The applicant does not appear to deny the examiner's statement that starting, growing, and laying are commonly used to indicate various kinds of feeds * * *."

The second ground of rejection by the Examiner was also sustained on the theory that "Applicant's mark incorporates the dominant parts of the reference mark and is considered unregisterable thereover, * * *."

While appellant admits that the words "starting," "growing," and "laying" are generically descriptive of certain types of poultry foods, it takes the position that the dropping of the suffix "ing" from each of those words and compounding the roots thereof creates a coined unitary technical trade-mark sufficient to remove the notation "Startgrolay" from the category of generically descriptive terms; that the result is not a mere combination of descriptive words but a combination which deviates from the common use of words and parts of words sufficiently to constitute a coined technical trade-mark eligible for registration under the above provisions.

In support thereof, appellant cites the following excerpt from Ex parte Barker, 92 USPQ 218, wherein the mark "Cherry-Berry-Bing," as applied to fruit and berry preserves, was held not to be generic to those goods:

"While it may be true that each of the individual words in the present applicant's mark are generic and thus independently unregistrable, it seems to me that their unusual association or arrangement in the applicant's mark results in a unique and catchy expression which does not, without some analysis and rearrangement of its components, suggest the contents of applicant's goods. I am constrained to disagree with the Examiner's holding in the present case that the applicant's mark is incapable of functioning as a trade-mark to distinguish the applicant's goods in commerce."

Appellant also sets out in its brief the following quotation from the decision of the Circuit Court of Appeals of the First Circuit decided in 1949 in Food Fair Stores, Inc. v. Food Fair, Inc., 1 Cir., 177 F.2d 177, 185:

"The defendant's further contention that the words Food Fair are not susceptible of appropriation because they are generic deserves only slightly more extended consideration. It is true that both words involved are generic. But, as we have had occasion to observe before, a trade mark is not to be resolved into its component parts, and each part analyzed separately in cases of this sort. Pro-Phy-Lac-Tic Brush Co. v. Jordan Marsh Co., 1 Cir., 165 F. 2d 549, 552. Considered together the words involved may be relatively weak, but we do not think that they are by any means too weak to deserve the protection given them by the court below."

as well as the following from the case of Vita-Var Corporation v. Alumatone Corporation, which involved the marks "Alumikote" and "Alumatone," decided by the District Court S. D. California Central Division in 1949, 83 F.Supp. 214, 215:

"At the same time, I am of the view that plaintiff's mark ["alumikote"] is not a mere combination of descriptive words, but a combination which has enough deviation from the common use of words and parts of words to make its registration as a trademark valid."

Here appellant has so combined three words into a unitary notation as to result in a mark which, in our opinion, may

suggest but does not necessarily describe the character of its goods. While it is, of course, true that if the mark were dissected, the words "Start," "grow," and "lay" might well be descriptive of the characteristics of various types of poultry feed, it is our belief that when the mark is viewed in its entirety, as it is viewed in the market place, it is capable of distinguishing applicant's goods from those of others.

Turning then to the second ground of rejection, it is our belief that the two marks, when not dissected, but viewed in their entirety as they should be, reflect no such similarity in appearance, spelling, sound, or meaning as to be likely to cause confusion in the mind of the purchasing public as to the origin of the respective goods.

In view of the above conclusions, we find it necessary to reverse the decision of the Patent Office.

Reversed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.

O'CONNELL, Judge (dissenting).

The law is thoroughly established in this and other federal jurisdictions that trademarks are nonregistrable whenever they consist of a combination of words, such as we have here, each word of which is individually nonregistrable under the mandate of the statute. In re Midy Laboratories, Inc., 104 F.2d 617, 26 C.C.P.A., Patents, 1294; Kimberly-Clark Corporation v. Marzall, 90 U.S.App.D.C. 409, 196 F.2d 772. In the cases just cited the respective courts properly rejected the proposition now advanced here that words nonregistrable separately or standing alone become registrable if combined, on the theory that trademarks cannot be dissected and must be considered as a whole, irrespective of the character of their constituent parts. Moreover, appellant has unlawfully incorporated as the dominant part of its mark the essential features of the previously registered mark "Lay-an-Grow" for goods of the same kind of goods. Carmel Wine Co. v. California Winery, 38 App.D.C. 1; In re Fleet-Wing Corp., 188 F.2d 476, 38 C.C.P.A., Patents, 1039.