54 CCPA
## Application of STANDARD ELEKTRIK LORENZ AKTIENGESELLSCHAFT.
### Patent Appeal No. 7709.

United States Court of Customs
and Patent Appeals.
Feb. 9, 1967.

C. Cornell Remsen, Jr., New York City (Donald J. Goodell, New York City, of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

Appellant appeals from the decision of the Trademark Trial and Appeal Board affirming the examiner's refusal to register the mark "SCHAUB-LORENZ" on the Principal Register, 145 USPQ 163.

Appellant, organized under the laws of the Federal Republic of Germany, alleged in its application [1] prior registration of the mark in the Federal Republic of Germany.[2] Registration is sought here under section 44(e), Trademark Act of

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 133,331, filed December 4, 1961, reciting the following goods: ELECTROTECHNICAL APPARATUS, RADIO RECEIVERS, TELE-

VISION RECEIVERS, ACOUSTIC REPRODUCTION SETS WITH OR WITHOUT RECORD PLAYERS: etc.

2. Reg. No. 681,933, September 26, 1955.

1946 (15 U.S.C. § 1126(e)), which provides, in part:

> A mark duly registered in the country of origin of the foreign applicant may be registered on the principal register if eligible, otherwise on the supplemental register herein provided.
>
> \* \* \*

The board in its opinion set forth the position of the examiner and its reasoning as follows:

> \* \* \* This application is based upon applicant's ownership of a German registration rather than upon use of the mark in this country.
>
> The Examiner of Trademarks has refused registration on the ground that applicant's mark is "merely a combination of two surnames and as such falls under the prohibition of Section 2(e)(3) of the Trademark Act of 1946".

Section 2 of the Trademark Act of 1946 [15 USC 1052] provides that:

> "No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it \* \* \* (e) Consists of a mark which \* \* \* (3) is primarily merely a surname".

In defense of its right of registration, applicant points out that the surname "SCHAUB" also means in the German language "a bundle of straw, sheaf", and that the surname "LORENZ" is also the name of a city in West Virginia and of a city in Brazil, in consequence of which, applicant strenuously argues that its mark cannot properly be considered as primarily merely a surname.

We are firmly of the opinion that, to the average member of the purchasing public, neither "SCHAUB" nor "LORENZ" would be likely to have any meaning other than as surnames. It is concluded, therefore, that applicant's mark is "primarily merely a surname" within the meaning of the Act, and hence that it is not proper subject matter for registration on the Principal Register in the absence of a showing that it has acquired in this country a secondary meaning of indicating origin in applicant of the goods to which it is applied. See Kimberly-Clark Corporation v. Marzall, Comr., Pats., [90 U.S. App.D.C. 409, 196 F.2d 772] 93 US PQ 191 (CA DC, 1952).

In addition to the evidence submitted by appellant as to the meaning of SCHAUB and LORENZ, appellant argues that various city telephone directories [3] do not disclose any listing of SCHAUB-LORENZ. The examiner cites the fact that various city telephone directories [4] disclose listings of SCHAUB and LORENZ individually.

Appellant also argues here that the mark has become known and registered in many countries.[5] The solicitor replies that no evidence to this effect was submitted by appellant.

Appellant also cited Registration No. 386,174 of March 25, 1941, for LORENZ, now expired, as evidence that the mark here is not primarily merely a surname. The examiner replied that registration under the Trademark Act of 1920 does not support registrability on the Principal Register.

Concerning legal precedents, the examiner and the board relied on the decision in *Kimberly-Clark*, supra, wherein the court affirmed the District Court's refusal to order registration on the Principal Register of "Kimberly-Clark." The court in its opinion reasoned that if neither Kimberly or Clark was registrable, as being primarily merely surnames, then a combination of the two could not be registered. Appellant argues this decision is inapplicable here because, unlike *Kimberly-Clark*, evidence has been

---

3. Manhattan, Brooklyn, Queens, Bronx, and Staten Island in New York City; and Washington Metropolitan Area.

4. Washington, D. C., Chicago, Manhattan, Philadelphia and the Bronx.

5. Germany, France, Norway, Sweden, Argentina, Chile, Peru, Nigeria, and South Africa.

submitted showing that each term has meaning other than as a surname and appellant itself does not use the combination as its corporate name.

Appellant argues the board failed to apply the correct test in resolving the issue of whether the mark is primarily merely a surname, citing Ex parte Rivera Watch Corp., 106 USPQ 145 (Com'r. Dec. 1955). This opinion states the proper test as being, "What is the primary significance of the mark to the purchasing public?" The mark Rivera was held not to be primarily merely a surname. The opinion also comments that an opposite conclusion in *Kimberly-Clark* might have been reached if the above test had been applied. Appellant argues in its brief:

In addition to the Ex parte Rivera Watch Corp. case, supra, several subsequent cases held that marks which have different meanings in addition to meaning a surname are registrable. The discussed marks were initially rejected by the Examiner on the ground that the respective marks were primarily merely surnames.

In Ex parte Omaha Cold Storage Co., 111 USPQ 189 (Com'r., 1956), the applicant's mark "Douglas" was held to be registrable and not primarily merely a surname. The Assistant Commissioner noted the various meanings of "Douglas" and how it appeared from the record that "Douglas" was not the surname of any person connected with the applicant.

In Ex parte Gemex Co., 111 USPQ 443 (Com'r., 1956), the applicant's mark "Wellington" was held to be registrable and not primarily merely a surname. The Assistant Commissioner noted the different meanings of the term and followed the rationale set forth in the Rivera case, supra, stating:

" * * * There is no way of knowing what the impact on the purchasing public is likely to be upon seeing 'WELLINGTON' watch bracelets and straps, or with what, if anything, purchasers are likely to associate the mark."

"The rationale set forth in Ex parte Rivera Watch Corporation, 106 USPQ 145 (Com'r., 1955), and in Ex parte Omaha Cold Storage Co., 111 USPQ 189 (Com'r., 1956), leads to a conclusion here that 'WELLINGTON' is not primarily merely a surname within the meaning of Section 2(e) of the statute when that section is read in the light of its legislative history."

The sole issue here is whether the mark sought to be registered, SCHAUB-LORENZ, was properly refused registration under section 2(e) (3) of the Trademark Act of 1946 as being primarily merely a surname. This provision of the act has been productive of diverse and not easily reconcilable decisions by the Trademark Trial and Appeal Board as well as by the courts. As stated by Assistant Commissioner Leeds in the *Rivera* case, 106 USPQ at 146:

The decisions interpreting the phrase "primarily merely a surname" are not altogether consistent, nor do they establish clear guide lines for future determinations.

The examiner and the Trademark Trial and Appeal Board rely to a large extent on the *Kimberly-Clark* case, supra, which involved two cases consolidated on appeal. The first case concerned a mark whose dominant portion was "Kimberly Clark." It was refused registration under paragraph 5 of the Trademark Act of 1905 which denied registration of a mark which consisted merely of the name of a corporation. There is no similar issue present here as the mark sought to be registered is not the name of the appellant corporation. In an action brought by appellant in the U. S. District Court, D.C., under R.S. 4915, the complaint was dismissed and the appeal to the Circuit Court of Appeals, D.C., followed. On this aspect of the decision it would seem that there was no occasion for the Court of Appeals to express its opinion as to the import of section 2(e) (3) of the Trademark Act of 1946.

The second case involved the registrability of the mark "Kimberly-Clark" on the Principal Register under the 1946

Act. The Commissioner had offered registration on the Supplemental Register. The refusal to register the mark was made under section 2(e) (3) as a mark which was primarily merely a surname. The Court of Appeals affirmed "[f]or the reasons given in our discussion" of the first case, 196 F.2d at 775.

■ It is not clear why the Court of Appeals in *Kimberly-Clark* refused registration on the Principal Register when, according to the court's opinion, "secondary significance" had been shown, 196 F.2d at 774. See section 2(f) of the Trademark Act of 1946 (15 U.S.C. § 1052(f)). As the board here commented, if appellant had shown "secondary meaning," section 2(f), then section 2(e) (3) expressly presents no bar to registration on the Principal Register. As to this aspect we agree with the board.

Nonetheless the board was of the view that as neither "SCHAUB" or "LORENZ" would be likely to have any meaning other than as surnames, the combination SCHAUB-LORENZ was similarly defective. Apparently the board did not consider appellant's evidence to be persuasive.

■ We think the board's initial error arose from dissecting the marks. A mark must be considered in its entirety. In Ada Milling Co., 40 CCPA 1076, 205 F.2d 315, this court had occasion to consider the mark "Startgrolay" for poultry feed. Registration was refused on the ground it was a combination of generically descriptive terms, starting, growing and laying. The court reversed the decision of the Patent Office on the ground that the mark, when viewed in its entirety, was capable of distinguishing the applicant's goods from those of others. The dissecting method employed in *Kim-*

*berly-Clark* and in In re Midy Laboratories, Inc., 26 CCPA 1294, 104 F.2d 617, was properly rejected by the majority.

■ Section 2 states no trademark by which the goods of the applicant may be distinguished from the goods of others *shall be refused registration on the Principal Register* on account of its nature *unless it*—consists of a mark which is "primarily merely a surname." It is clear that the burden is on the Patent Office to prove that the trademark is primarily merely a surname. In Ex parte Gemex Co., 111 USPQ 443, relied on by appellant, Assistant Commissioner Leeds stated:

The Examiner of Trademarks expressed the opinion that the primary significance [see Ex parte Rivera, supra] of the mark [Wellington] presented is a surname significance, but he gave no rationale other than to cite its appearance in some telephone directories. * * *

■ While there may be no hard and fast rule as to the amount of evidence necessary to demonstrate that a mark is or is not primarily merely a surname, we note here that the examiner cited only portions of the mark as being listed in telephone directories, relying on dissection of the mark which we find is error. No evidence was submitted that the *mark sought to be registered* was primarily merely a surname. Accordingly, we do not think the Patent Office has discharged its burden of proof and its decision must be reversed.

Reversed.

ALMOND, J., concurs in the result.

WORLEY, C. J., dissents.