55 CCPA

**C. R. BARD, INC., Appellant,**

v.

**FOLEY BAG CATHETER, INC.,
Appellee.**

**Patent Appeal No. 7931.**

United States Court of Customs
and Patent Appeals.

May 16, 1968.

W. Saxton Seward, New York City, (Robert I. Dennison, Washington, D.C., of counsel) for appellant.

Harold J. Kinney, St. Paul, Minn., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Appellant seeks review of the decision of the Trademark Trial and Appeal Board[1] dismissing its opposition to appellee's application for registration of the following mark for urological and endoscopic instruments, such as catheters:

The application contains the following language which we, like the board, consider adequate to disclaim certain matter:

Applicant seeks no registration rights in the words "The Foley Bag Catheter" or in the reproduction of the goods, or in the word "Foley," apart from the mark as shown.

It also includes the following statement: The mark "FEB Foley" is the facsimile signature of Frederic E. B. Foley, President of applicant corporation.

The record establishes that appellant has continuously used the term "Foley" on a balloon or inflatable type catheter which it has sold in commerce since 1958, a date prior to appellee's effective date.[2]

Although the controlling question is whether appellant will be damaged by the registration appellee seeks,[3] appellant contends that the question is *res judicata* by virtue of a final board decision adverse to appellee in a previous opposition[4]

1. Result reported at 148 USPQ 770.

2. Appellee has introduced no evidence to show that it is entitled to any date prior to the filing date of its application, February 28, 1962. See Columbian Steel Tank Company v. Union Tank and Supply Company, 277 F.2d 192, 47 CCPA 898 (1960).

3. Appellant also urges as a preliminary question that the board erred in refusing

to strike appellee's answer to the notice of opposition, which answer consisted of a general denial of every averment in the notice. We find no reversible error in the board's finding that the answer amounts to a proper pleading.

4. C. R. Bard, Inc. v. Foley Bag Catheter, Inc., 132 USPQ 470 (T.T. & A.B., 1961).

involving the same parties. There appellee sought registration of the instant mark but without disclaiming what is herein disclaimed. There was evidence that "Foley" is a common descriptive name for a particular catheter, thus the board concluded that registration of the mark sought "would be inconsistent with the right of opposer to continue the use of 'Foley' as it has done in the past."

■ While the present record also supports a finding that "Foley" is descriptive, the issue is different and *res judicata* does not apply because the disclaimer here avoids that potential restraint against appellant's use of descriptive matter on which the decision in the previous opposition was grounded. As the board observed in the present case:

&ast; &ast; &ast; the registration sought by applicant with the restriction therein would not be inconsistent with opposer's right to continue to do what it has in the past, namely use "Foley", per se, descriptively to designate a particular type of catheter.

■ That conclusion, with which we agree, disposes of any claim that appellant will be damaged by the registration sought. However, appellant contends that those who observe the composite mark in use with the notation ® indicating registration, but do not investigate to find there is a disclaimer, "will think that Dr. Foley and his company somehow have reclaimed that which he so freely relinquished thirteen years ago." [5] That contention is not pertinent here. Appellee obviously has the right to use the composite mark and, so far as the public is concerned, the goods of appellee may be distinguished from the goods of others by the mark. It is immaterial to any but appellant and those others who

may wish to use the descriptive matter in the mark in commerce that a disclaimer [6] has been made. Such users or potential users can readily determine the status of the mark.

The decision is affirmed.

Affirmed.

---

5. In evidence in the previous opposition are letters written in 1953 by Dr. F. E. B. Foley, who was appellee's president and apparent developer of the particular catheter bearing his name. In those letters, Dr. Foley conceded that "Foley Catheter" is a generic term.

6. Appellant has cited Fischbeck v. Kleeno, 44 App.D.C. 6, (1915), and Walgreen Co.

v. Godefroy Manufacturing Co., 58 F.2d 457, 19 CCPA 1150 (1932), as cases wherein disclaimers were held ineffective to avoid successful opposition. In contrast to the present case where the disclaimed subject matter is descriptive, the opposer had trademark rights relating to the disclaimed material in both cited cases.