# NAFZIGER *v.* SCHULZE BAKING COMPANY.

---

### TRADEMARKS; SIMILARITY.

Registration of the word "Butter-Cream" as a trademark applied to bread is properly refused on the opposition of the owner of the registered trademark "Butter-Nut," and also the registered trademark "Butter-Krust," extensively used by him and his predecessor in business as a trademark for bread, although there is no evidence of actual confusion in trade by reason of the similarity of the mark applied for and the opposing marks. Under such circumstances, any reasonable doubt as to whether such confusion will occur, will be resolved in favor of the prior owner of the marks. (Citing *Lang* v. *Green River Distilling Co.* 33 App. D. C. 506, and distinguishing *Alaska Packers Asso.* v. *Admiralty Trading Co.* 43 App. D. C. 198.)

No. 1064. Patent Appeals. Submitted March 12, 1917. Decided April 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a mark as a trademark.                           *Affirmed.*

The facts are stated in the opinion.

*Mr. John M. Coit, Mr. Charles W. Gerard, Mr. Nathan Heard,* and *Mr. Charles E. Riordan* for the appellant.

*Mr. R. F. Steward* and *Mr. Luther Johns* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The appellant, Ralph L. Nafziger, applied for a trademark of the word "Butter-Cream" for bread. This was opposed by the Schulze Baking Company, which alleged that it is the owner of the registered trademark "Butter-Nut," and also the registered trademark "Butter-Krust," used extensively by it and its predecessors in business as a trademark for bread. The answer of the applicant denies that the mark applied for is similar to either of the marks set up by opposer; but he has taken no proof and has no evidence of actual use of the mark.

There is no testimony as to any actual confusion in trade by reason of the opposing marks. Looking at the marks, it would seem that there is such a similarity as would probably tend to confusion in trade. Any reasonable doubt in respect of this should be resolved in favor of the prior owner of the mark. The word "Butter" is the distinguishing feature of the mark; and it does not seem probable that the ordinary purchaser would discriminate between the succeeding words, "Krust," and "Cream." See *Lang* v. *Green River Distilling Co.* 33 App. D. C. 506; *Hamilton Brown Shoe Co.* v. *Wolff Bros. & Co.* 240 U. S. 251, 60 L. ed. 629, 36 Sup. Ct. Rep. 269.

It is true that in the *Lang* v. *Green River Case* there was testimony tending to show circumstances from which it could be inferred that Lang had adopted the mark "Green Ribbon" on account of the reputation of the articles sold under the trademark of the Green River Company, but that was not the decisive feature of the case.

An attempt has been made to bring this case within the rule of *Alaska Packers Asso.* v. *Admiralty Trading Co.* 43 App. D. C. 198. We do not think the proposition is well founded.

Finding no error in the decision of the Commissioner, it is affirmed, and this decision will be certified to the Commissioner of Patents, as required by law.            *Affirmed.*