Lenroot, Judge,
delivered tlie opinion of tlie court:
This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Trade-marks, refusing to register, under the ten-year clause of the Trade-mark Act of February 20, 1905, a mark consisting of the words “Tasteless Chill Tonic.” As set forth in the application for registration, the said mark is applied to “a medicinal compound intended for the relief of malaria and the chills and fever accompanying that ailment, and as a tonic in cases of debility requiring stimulation of the appetite.”
While the application states that the trade-mark used is “Tasteless Chill Tonic,” a specimen label filed with the application for registration, showing the manner in which the mark is used, contains the following:
GROVE’S
TASTELESS CHILL TONIC
*855 Below the above, and in smaller print, the label contains descriptive matter, directions for use, and other matter not relevant to the issue before us.
In refusing registration the Examiner of Trade-marks said, among other things:
The ground of refusal to register is that applicant’s alleged trade-mark is not such an expression as fulfils the function of indicating origin or ownership of the product to which it is attached and is.therefore impossible of registration as a trade-mark under either act. * * *
Appeal was taken to the Commissioner of Patents, who affirmed the holding of the examiner. The commissioner in his decision ■stated:
* * * The WOrds in question are so thoroughly descriptive that, to my way of thinking, they could not possibly carry any trade-mark significance.
Three factors support this view: First, referring to the specimens filed by the applicant, it is noted that the word “Grove’s” appears prominently displayed <ibove the words “Tasteless Chill Tonic” and I am convinced that of these two notations it is solely the term “Grove’s” that indicates origin or source of manufacture. Second, in 190S the applicant registered a comxDosite mark comprising a picture of a baby’s face and below it the. words “Grove’s Tasteless Chill Tonic.” To my mind, this indicates the fact that the words “Tasteless Chill Tonic” were not being solely relied upon for the purpose of indicating origin. Third, there is the fact that, in 1930, Richardson Robinson Drug Company, of Pauls Valley, Oklahoma, registered under the Act of 1920 the notation “Robinson’s Tasteless Chill Tonic,” claiming use since 180S.[1] Here again, it is to be observed that some other device indicating origin is coupled with the descriptive phrase “Tasteless Chill Tonic.” Bach of these three factors goes to confirm the view that the notation in question is purely descriptive and has no significance iu indicating origin.
While the language quoted might be construed as a holding that a mark may be so thoroughly descriptive that it never could acquire the status of a trade-mark, even under the ten-year clause, we think that the proper construction of said language is that it fairly appears that it is not shown that the term “Tasteless Chill Tonic,” standing alone, was ever used in a trade-mark sense, but only* as descriptive of the goods to which the term was applied. There is no evidence that the term “Tasteless Chill Tonic,” standing alone was ever used by appellant, but on the contrary the specimen shows that the term used was “Grove’s Tasteless Chill Tonic,” and we agree with the commissioner that it was the word “Grove’s” that indicated to purchasers the origin or source of manufacture of the goods upon which the label was applied, and not the term “Tasteless Chill Tonic.” In this view of the case the record does not establish that the term “Tasteless Chill Tonic” had, for ten years prior to February 20, 1905, been continuously used as a trade-mark by appellant and its predecessors.
*856 In the case of Spicer, etc., v. Bull Medicine Co., 18 C. C. P. A. (Patents) 1402, 49 F. (2d) 980, the term “W. H. Bull’s Herbs and Iron” had been registered as a trade-mark under the ten-year clause of the Trade-mark Act of February 20, 1905. As used, the name “W. H. Bull’s” was at the top of the label, beneath it the words “Herbs and,” and beneath these, but with a picture intervening, the word “Iron.” In our opinion in said-case we said:
We think the commissioner erred in holding that the words “Herbs and Iron” are the essential or dominant feature of appellee’s mark. In appellee’s application, upon which the registration was issued, it is stated that it adopted the mark “for a medicinal preparation made from herbs and iron.” We think it apparent that these words were used in the mark solely to describe the goods, and that the essential and dominant features of the mark were the name “W. H. Bull’s” and the pictorial representation. We may say, in passing, that the words “Trade Mark” are found in the oval containing the picture and above the word “Iron.”
We also cited the case of Kellogg Toasted Corn Flake Co. v. Quaker Oats Co., 235 Fed. 657, decided by the United States Circuit Court of Appeals, Sixth District, and commented thereon in part as follows:
The case of Kellogg Toasted Corn Flake Co. v. Quaker Oats Co., 235 Fed. 657, decided by the United States Circuit Court of Appeals, Sixth Circuit, is similar in many respects to the case at bar. It involved the right of the Kellogg Company to the exclusive use of the words “Toasted Corn Flakes.” There, as here, the descriptive words alone had never been used as a trade-mark, and the court held that the word “Kellogg’s” could not be dissociated from the words “Toasted Corn Flakes,” and a meaning given to said words which had never been relied upon by the Kellogg Company. * * *
Appellant assigns error in the failure of the commissioner to consider certain affidavits presented bjr it after it had appealed from the decision of the Examiner of Trade-marks, and while its appeal was pending before the commissioner.
Ajopellant cites no authority in support of this assignment of error, but on the contrary, in arguing another alleged error, asserts in its brief that the commissioner had no right to consider evidential matter not in the case on the initial hearing. We quote from its brief as follows:
It is an elementary rule that appellate tribunals must exclude from consideration evidential matter not in the case on the initial hearing, and the rule has been strictly applied to proceedings within the Patent Office by this tribunal (Standard Oil Co. et al. v. Epley [May 28, 1930], 40 Fed. [2nd] 997). * * *
Without passing upon the question of whether it would have been error for the commissioner to have considered these affidavits before first remanding the case, including them, to the Examiner of Trademarks for consideration, we have no hesitation in holding that there was no error in his failing to consider them under the circumstances.
Appellant further assigns error in the citation by the commissioner of registered trade-marks not cited by the Examiner of Trade *857 marks. In the view we take of the case, as hereinbefore noted, if there was error by the commissioner in said respect, it was not prejudicial to appellant because it clearly is not entitled to the registration applied for, regardless of the registrations cited by the commissioner. We think it proper to observe, however, that appellant made no application for a reconsideration of the decision of the commissioner, or a remand of the case to the Examiner, of Trademarks because of the new registrations cited by the commissioner, and we find nothing in the statute or the rules of the Patent Office limiting the power of the commissioner to a consideration of the grounds of rejection set forth by the Examiner of Trade-marks.
For the reasons herein stated, the decision appealed from is affirmed.

 Reg. No. 273,256.