26 C.C.P.A.(Patents)

## In re BAILEY METER CO.
## Patent Appeal No. 4118.

Court of Customs and Patent Appeals.
April 10, 1939.

Smith, Michael & Gardiner, of Washington, D. C. (William A. Smith, Jr., of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents which affirmed that of the Examiner of Trade-Marks refusing registration under the Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of the term "Boiler Meter," as a trade-mark "for meters and devices adapted to continuously indicate and/or record in comparison and value-determining relation the instantaneous values of the rate of flow of two or more flowing fluids of a power producing or utilizing apparatus, and charts for use therewith * * *."

Appellant states in its brief that the "'power producing apparatus' may be a steam generator or any preferred type of liquid heater or vaporizer; and the 'power utilizing' apparatus may be a steam engine, steam turbine, or the like."

The Commissioner of Patents in affirming the examiner's decision held the term "Boiler Meter" to be merely the name of the device of appellant.

We agree with the commissioner that the word "meter" is the generic name of appellant's device. There can be no doubt but that appellant's devices to which it applies its trade-mark are meters. Appellant's name is "Bailey Meter Company" and its application herein states that it seeks to register the mark as applied to meters. An examination of the specimen appearing in the record discloses that the device can be and evidently is used to measure and record the flow of steam from a boiler. On the said specimen appears the following:

"Bailey Boiler Meter
"Type D26, Class 5

| | |
|---|---|
| Indicates: | Steam Flow from boiler. |
| Records: | Steam Flow, Air Flow, Flue Gas Temperature, all on a 12 inch diameter uniformly graduated 24 hour chart. |
| Integrates: | Total Steam Flow on a four dial counter. |

Rugged cast iron casing—approximate overall dimensions 16" x 24" x 8". Suitable for surface mounting on a wall or panel."

Since the apparatus measures the flow of steam from a boiler, regardless of the fact that it may be also suitable for other uses, the term "Boiler Meter," in our opinion, can be nothing other than the name of the device and as such is merely descriptive.

844

Appellant contends that "Boiler Meter" is not the name of any device because it is not found in the dictionary, trade catalogues, trade journals, etc. From this premise the appellant concludes the mark does not name the device to which it is applied.

However, this argument ignores the fact that the product of appellant is a meter and that it is used in connection with boilers. It is, therefore, a boiler meter. Indeed, we are unable to see how the device could be more aptly described. Words used in combination may not be found in the dictionary, or elsewhere, in the precise combination used but it does not follow from this that they are not the correct nomenclature for particular things. As the brief of the solicitor points out "barn key" may not appear in the dictionary but it is the proper name for a key to a barn. Mere use of words in combination does not destroy the significance of their meaning or their descriptive properties.

We are of opinion that the commissioner was correct in holding that the mark applied for named the appellant's device and is, therefore, descriptive.

The fact that appellant may have been the first and only one to adopt and use the mark sought to be registered does not prove that the mark is not descriptive, as appellant contends, basing its argument upon certain affidavits filed in the proceeding.

The decision of this court in the case of Barber-Colman Co. v. Overhead Door Corp., 65 F.2d 147, 148, 20 C.C.P.A., Patents, 1118, 1121, answers this contention. In that case the court said:

"Appellee contends, and the Commissioner of Patents seemed to regard this point as material, that, prior to the date of adoption of the term by the appellee, doors of the character involved were not known by the name 'overhead.'

\* \* \* \* \* \*

"If it were conceded that appellee was the first to use the adjective 'overhead,' as applied to this character of door, it would make little, if any, difference in the decision of this case. Such fact might be a proper consideration in determining the meaning the term suggests, and its applicability to the merchandise, but certainly it would not be controlling. If the term is descriptive of the merchandise, the public has a right to use it at any time, since it is well settled that such a term cannot be. exclusively appropriated by anyone."

Appellant further urges that the said affidavits support its contention that the trade-mark "Boiler Meter," when applied to the goods specified in the application, has, in the opinion of affiants, a true trade-mark significance and definitely indicates that such goods are the exclusive products of appellant.

Answering this contention we merely observe that undoubtedly such was the thought and opinion of the affiants, but, nevertheless, these opinions are of no avail if the mark is descriptive. In re American Cyanamid & Chemical Corp., 99 F.2d 964, 26 C.C.P.A., Patents, ——.

As a matter of fact an examination of the said specimen discloses that the words used as a trade-mark thereon are "Bailey Boiler Meter." Since the tribunals below made no reference to this fact, we may presume they considered it unnecessary to do so in view of their holding and we refer to it merely as a probable reason for the statements in the affidavits that the words "Boiler Meter" indicated to affiants the origin of the goods.

The decision of the Commissioner of Patents is affirmed.

Affirmed.