**BAILEY METER CO.**

v.

**WATSON, Commissioner of Patents.**

Civ. A. No. 4806–52.

United States District Court,
District of Columbia.

May 10, 1954.

Richard G. Radue, Washington, D. C., Fred L. Witherspoon, Jr., Washington, D. C., of counsel, for plaintiff.

E. L. Reynords, Sol., U. S. Patent Office, Washington, D. C., for defendant.

LETTS, District Judge.

The plaintiff asks the court to authorize the registration of an alleged trademark consisting of the words "Boiler Meter" on the principal register under the provisions of § 2(f) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052 (f), as a trade-mark for "operational performance guides for vapor power plants".

Upon the record the court concludes that the goods to which the words are applied are merely meters which are associated with steam boilers for indicating various conditions of boiler operation. As pertinent to the issues of this case the statute provides that, "nothing herein shall prevent the registration of

a mark used by the applicant which has become distinctive of the applicant's goods in commerce" and that "proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of filing of the application for its registration" may be accepted as prima facie evidence of distinctiveness. It is obvious that if the words with which we are concerned are to be registered they must be registrable as a trade-mark. A trade-mark includes "any word, name, symbol, or device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others." 15 U.S.C.A. § 1127.

■ The application for registration was properly refused in the Patent Office. Being merely a name of goods to which they are applied they are inherently incapable of indicating origin or functioning as a trade-mark. Assuming that they were capable of trade-mark use, they were not used substantially, exclusively as a trade-mark during the period specified by the statute and the court finds upon the record that they have not actually been used as a trade-mark at all.

■ A generic name is one which gives information as to the nature or class of an article. Plaintiff's application was properly refused on the ground that the presentation "Boiler Meter", is generically descriptive of the goods. The court agrees with the examiner that it is totally devoid of trade-mark significance being incapable of indicating origin.

■ The term "Boiler Meter" is the generic term of the article and since the term is generic the plaintiff has acquired no exclusive right to its use. Terms which are descriptive of a class of goods cannot be exclusively appropriated by anyone. The names or terms by which such articles are known cannot be adopted as trade-marks. It has been held that a generic term which is a proper name for the article to which it is applied is not registrable on the principal register

under any of the provisions of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq.

The plaintiff thinks that its device is not properly considered a boiler meter for the reason that it does not measure boilers since the device consists of or includes meters which measure functions or characteristics of a boiler which could not be more accurately described than by the term "Boiler Meter." As suggested by the Solicitor in his brief meters in cabs are commonly called taxi meters although they do not measure taxis. Bakery meters, brewery meters and concrete batch mixer meters obviously do not measure bakeries, breweries or concrete batch mixers.

The evidence fails to show any use of the words "Boiler Meter" as a trade-mark. Plaintiff has consistently associated such words with the name "Bailey". Plaintiff's trade-mark is "Bailey Boiler Meter" and it is in the use of such trade-mark that plaintiff has used the words which he now seeks to register. Without associating with the words "Boiler Meter" the name Bailey there is no designation of the maker of the goods. That such designation was necessary must have been fully appreciated by plaintiff when it sought and obtained registration of the words "Bailey Boiler Meter" as a trade-mark. As the court sees it such designation is just as important under the Act of 1946 as it was under the Act of 1920 which governed registration of plaintiff's mark "Bailey Boiler Meter."

The court holds that the alleged mark "Boiler Meter" is merely a name and that it is not distinctive of the plaintiff's goods. The same goods manufactured by others are known by the same name; the words are generic and plaintiff has failed to prove its right to register same as a trade-mark on the principal register under the provisions of § 2(f) of the Trade-Mark Act of 1946 as a trade-mark for "operational performance guides for vapor power plants" as claimed.

The Solicitor for the United States Patent Office will submit for settlement findings of fact, conclusions of law and judgment form dismissing the complaint.