**Application of HOLLYWOOD BRANDS, Inc.**

**Patent Appeal No. 6008.**

United States Court of Customs and Patent Appeals.

June 30, 1954.

O'Connell, Judge, dissented.

———◆———

Theodore W. Miller, Chicago, Ill., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Examiner-in-Chief, acting for the Commissioner, affirming the decision of the examiner refusing registration on the Principal Register of appellant's mark "Butter-Nut" as applied to candies. The application of appellant, Hollywood Brands, Inc., doing business as Hollywood Candy Co., was filed February 27, 1948, under Section 2(f) of the Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1052(f). Appellant alleges November 20, 1916, as the date of first use of its mark.

The examiner denied registration on the theory that the mark was incapable of distinguishing appellant's goods from the goods of others; also that it was deceptive and therefore unregisterable under the provisions of Section 2(e). Upon appeal the Commissioner reversed the first rejection and observed that

"Section 2(e) of the Act prohibits registration of a mark that is merely descriptive of the goods. There is no doubt that applicant's mark is descriptive of at least some of the ingredients of his goods. Section 2(f), however, permits registration of such a mark if it has become so distinctive of applicant's goods in commerce that it primarily indicates the origin of the source of his goods rather than the goods itself."

and proceeded to hold that appellant had failed to prove that its mark was substantially capable of indentifying the origin of the goods within the meaning of Section 2(f).

Appellant here contends that the commissioner's holding constitutes reversible error.

In determining that issue we quote the appropriate portions of the section involved:

Sec. 2. "No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\*    \*    \*    \*    \*    \*

"(f) Except as expressly excluded in subsections (a), (b), (c), and (d) of this section, nothing herein shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration." 15 U.S.C.A. § 1052.

There is no doubt that Congress intended that the burden of proof should rest upon the applicant for registration, but it set up no standard by which the "distinctiveness" of a mark was to be determined other than to suggest that substantially exclusive and continuous use of a mark in commerce for the five years immediately preceding application for registration could be considered as prima facie proof that it had become distinctive.

The cases cited by the respective counsel have been examined but we find none of them sufficiently in point to be con-

trolling; we do find, however, an increasing tendency to require more and still more proof from an applicant for registration under Section 2(f) than we think Congress fairly intended to impose. For example, the broad language used in the case of Master, Wardens, Searchers, Assistants and Commonalty of Co. of Cutlers in Hallamshire in County of York v. Cribben and Sexton Co., 202 F.2d 779, 40 C.C.P.A., Patents, 872, 878, was not necessary to the proper disposition of that controversy nor do we think it applicable to the facts at bar.

Here, in attempting to establish eligibility for registration, appellant shows that it has used its mark, not for just the five year period mentioned in the statute, but for more than thirty-six years; that the candies bearing the mark have been sold in at least twenty-three states; and that it has established substantial, if not, indeed, exclusive, use of the mark upon its candies. As of March 1952, appellant had spent $1,135,000 for advertising over the previous six years with approximately one-third of that amount devoted to publicizing the instant mark; and that the volume of sales for the preceding eight years of its "Butter-Nut" candies reached $11,500,000.

In further support of its efforts to prove that its mark has become distinctive, appellant introduced forty-two form affidavits of individuals identified in various capacities with the candy trade. The five affidavits appearing in the record were executed in the states of Oregon, South Carolina, New York, Michigan, and Iowa. Each affiant states that he has been acquainted for many years with the Butter-Nut brand of candy manufactured by appellant, and has always regarded that particular candy as having its source of origin in appellant; that the term "Butter-Nut" is not considered to be in any way descriptive of the goods but is used by appellant to distinguish its goods from the goods of other candy manufacturers; and that such impression is true with the candy trade in general.

While we are in agreement with the commissioner that the above affidavits cannot per se be considered representative of the purchasing public, at the same time in our opinion, they help support appellant's position. We think it obvious that the candy found its way to the consuming public and in substantial amounts. In view of the entire record before us we do not think that affidavits from consumers, presumably youngsters in the main, are essential to appellant's cause.

We find nothing in the involved section which expressly or impliedly imposes an unreasonable burden of proof upon an applicant for registration thereunder, nor is it within our province to read such rigid provisions into it. We believe that the appellant has satisfactorily established eligibility of its mark for registration. In view of that conclusion it is necessary to reverse the decision of the commissioner.

Reversed.

JACKSON, Judge, retired, recalled to participate herein in place of COLE, Judge.

O'CONNELL, Judge (dissenting).

The decision appealed from should be affirmed (1) for the reasons stated in the respective decisions of the tribunals of the Patent Office; (2) that the proof submitted by appellant, even if it were sufficient in character, covers less than one half of the states of the Union; (3) in the remainder of such states, the use "Butter-Nut," a generic term, whether used descriptively or misdescriptively as a trade-mark, cannot be appropriated there by appellant to its exclusive use, because the term may be fittingly used by others, as a matter of right, in advertising and carrying on their dealing in butternuts and goods made therefrom, Cridlebaugh v. Montgomery Ward & Co., Inc., 158 F.2d 646, 34 C.C.P.A., Patents, 742, and (4) appellant's claim to exclusive use of "Butter-Nut" for the past five years has failed to acknowledge, as

it must, the long established identical mark used by another on bread. Nafziger v. Schulze Baking Company, 46 App.D.C. 292.