42 C.C.P.A.(Patents)
**Application of TRUE TEMPER CORP.**

**Patent Appeal No. 6098.**

United States Court of Customs and Patent Appeals.

Feb. 21, 1955.

Slough & Slough, Cleveland, Ohio (J. Helen Slough, Cleveland, Ohio, and Donald A. Gardiner, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

[Argument January 5, 1955, by Mr. Reynolds; submitted on brief by appellant]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Commissioner of Patents, rendered by the Assistant Commissioner, 98 U.S.P.Q. 412, affirming the decision of the Examiner of Trade-Marks refusing registration on the Principal Register of appellant's mark "Crippled Shad" as applied to artificial fish lures. The application for registration, filed January 25, 1950, under Sec. 2(f) of the Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1052 (f), alleged September 6, 1941 as the date of first use of the mark.

The examiner denied registration on the stated ground that since the trademark, other than appellant's corporate name, True Temper, which is included as part of the mark in one of the specimens shown in the accompanying drawings, is generically descriptive of the goods to which the mark is attached, and merely simulates the action of a crippled shad, the mark is incapable of distinguishing appellant's goods from the goods of other dealers in fish bait.

In affirming the action of the examiner, the commissioner properly observed that whether the term "Crippled Shad" indicates a lure simulating a crippled shad, or a lure for catching shad, appellant is not authorized under the law to appropriate these words exclusively to its own use, inasmuch as "crippled" is merely descriptive of functional features of the lure and "shad" is nowise capable of exclusive appropriation by appellant or anyone else in the fish lure field, cit-

ing James Heddon's Sons v. Millsite Steel & Wire Works, 6 Cir., 128 F.2d 6, Id., D.C., 35 F.Supp. 169. See also Bailey Meter Co. v. Watson Comr. Pats., 101 U.S.P.Q. 278. The commissioner further and explicitly held that the combination made up of the words "Crippled Shad," which appellant seeks to register, is not a registrable term.

Inherent in appellant's position is the acknowledgment that it is the custom of fishermen to fish with live bait consisting of crippled shad or crippled minnows. Upon that basis appellant, among other things, argues:

> * * * It should be recalled that Appellant's goods are "artificial" fish lures, that these have never been alive; that these can never be maimed; that these can never be crippled. Since live baits can not become "crippled" in the ordinary sense of the word, it seems fantastic to say that the artificial product can be. It seems better to say that this is a "floating surface bait with wounded minnow action." It would not be normal to say "crippled bait."

It is further contended that since appellant is requesting registration under Section 2(f) of the Act of 1946, its affidavit should be accepted here and should have been accepted by the tribunals of the Patent Office as "prima facie evidence that the mark has become distinctive" under Section 2(e) of the Act:

> * * * This provides that marks which may be merely descriptive (Section 2(e) of the Act) may be registered upon proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of filing of the application for its registration. This proof is submitted in the language of the Statement [statute], verified by affidavit of an officer of the appellant company, wherein it is stated "The mark is claimed to have become distinctive of the applicant's

goods in commerce which may lawfully be regulated by Congress through substantially exclusive and continuous use thereof as a mark by the applicant in commerce among the several states for the five years next preceding the date of the filing of this application."

The Solicitor for the Patent Office concedes that Section 2(f) of the Act of 1946 authorizes "the registration of marks which are, to some extent, descriptive." Under the Act of 1905 descriptive or geographic words which had acquired a secondary meaning in the public mind were recognized as registrable by the Supreme Court. Baglin v. Cusenier Co., 221 U.S. 580, 591, 31 S.Ct. 669, 55 L.Ed. 863. In such a situation, as that court later pointed out, the applicant for the registration of a descriptive word or combination is obliged to "show more than a subordinate meaning which applies to it. It [the applicant] must show that the primary significance of the term in the minds of the consuming public is not the product but the producer." Kellogg Co. v. Nat. Biscuit Co., 305 U.S. 111, 118, 59 S.Ct. 109, 113, 83 L.Ed. 73.

Another recent decision by the Supreme Court regarding the scope and the significance of the Act of 1946 reiterated the doctrine that the Act and its "sweeping reach into 'all commerce which may be regulated by Congress' does not constrict prior law or deprive courts of jurisdiction previously exercised." Steele v. Bulova Watch Co., 344 U.S. 280, 287, 73 S.Ct. 252, 256, 97 L.Ed. 252. See also Burgess Battery Co. v. Marzall, Com'r Pats., 92 U.S.P.Q. 90, affirmed 96 U.S.P.Q. 293. Our court in a case published in its latest reports observed, however, that while the burden of proof for distinctiveness should rest upon the applicant for registration, Congress set up no standard by which the "distinctiveness" of his mark was to be determined by the Patent Office and by the Courts, other than to suggest that substantially exclusive and continuous

use of a mark in commerce for the 5 years immediately preceding application for registration could be considered as prima facie proof that it had become distinctive. In re Hollywood Brands, Inc., 214 F.2d 139, 41 C.C.P.A., Patents, 1001.

This court has further held that affidavits relied upon to establish proof of "distinctiveness" may or may not reflect the views of the purchasing public; that a combination of descriptive words used, as in the case at bar, as a mere adjunct to applicant's trade name are not registrable in any case where the combination is of such a character as to be incapable of becoming a trade-mark or of distinguishing the applicant's goods. In re Duvernoy & Sons, Inc., 212 F.2d 202, 41 C.C.P.A., Patents, 856. See also In re Paris Medicine Co., 87 F.2d 484, 24 C.C.P.A., Patents, 854; Celanese Corp. of America v. E. I. DuPont De Nemours & Co., 154 F.2d 143, 33 C.C.P.A., Patents, 857.

For the reasons hereinbefore stated, the decision appealed from is affirmed.

Affirmed.